

Kelly E. Farnan
(302) 651-7705
farnan@rlf.com

July 19, 2024

**BY CM/ECF**
The Honorable Christopher J. Burke
United States District Court
for the District of Delaware
844 N. King Street
Wilmington, DE 19801

          Re: *OmniVision Technologies, Inc. v. RE Secured Networks, LLC*,
                C.A. No. 24-187-JLH-CJB

Dear Judge Burke:

      Pursuant to the Court's June 5, 2024 Oral Order (D.I. 22), Plaintiff OmniVision Technologies, Inc. ("OmniVision") and Defendant RE Secured Networks, LLC ("RE Secured") submit this letter, a copy of Your Honor's Case Management Checklist (Exhibit A) and a proposed Scheduling Order (Exhibit B).

**Description of the Case**

      On February 12, 2024, OmniVision filed its Complaint for declaratory judgment of non-infringement of U.S. Patent Nos. 7,323,671 and 7,800,145. On May 20, 2024, RE Secured filed its Answer, Defenses, and Counterclaims. RE Secured denied OmniVision's claims, and, in its counterclaims, asserted that OmniVision has infringed U.S. Patent Nos. 7,323,671, 7,800,145, and 6,838,651 (collectively, the "Patents-in-Suit"). OmniVision filed its reply to RE Secured's counterclaims on June 10, 2024. The Patents-in-Suit relate to image sensors.

**Parties' Positions Regarding Any Disputed Items in the Scheduling Order**

      The parties verbally conferred on July 10, 2024 and July 18, 2024 and have no remaining disputes regarding the Scheduling Order. The agreed-upon Proposed Scheduling Order is attached as Exhibit B.

**Three Most Significant Topics Discussed**

      **TOPIC 1**: In connection with potential related actions or amendments, RE Secured disclosed that it may assert additional patents against OmniVision either through amendment to its counterclaims in this action or a new action. The parties would be receptive to guidance from the Court regarding moving forward with the assertion of additional patents, and particularly whether

The Honorable Christopher J. Burke
July 19, 2024
Page 2

the Court has a view as to whether amendment of the present action or a new action is preferable and, if amendment, how that may impact the schedule or claim construction limits in this case.

**TOPIC 2**: In connection with the discussion regarding the identification and production of core technical documents, OmniVision disclosed that certain of its circuit design files, such as GDS files, contain highly sensitive information akin to source code, and OmniVision has treated these files like source code in prior litigation, making them available for inspection rather than producing electronic copies of the files. To the extent these circuit design files are relevant or qualify as core technical documents, OmniVision expects to do the same in this case, subject to the entry and protection of a Protective Order. The parties discussed ways in which they could work cooperatively to ensure these files are able to be made available in accordance with the deadline for the production of core technical documents. If OmniVision does not provide these files to RE Secured in advance of the deadline for initial infringement contentions, RE Secured will supplement its contentions following OmniVision's production and RE Secured's ability to review and analyze this core technical information.

**TOPIC 3**: The parties discussed certain third-party discovery that may be needed in the case. Specifically, OmniVision is a "fabless" design company and accordingly does not have documents concerning all details of the fabrication process. To the extent RE Secured seeks fabrication information that is beyond OmniVision's possession, custody, or control, OmniVision's position is that RE Secured will need to seek this discovery from third-party fabricators. RE Secured's position is that OmniVision should promptly produce its agreements with these fabricators so that RE Secured can determine whether OmniVision has possession, custody, or control of the fabrication information RE Secured seeks. If not, then the parties will meet and confer about whether third-party discovery is needed from the third-party fabricators and, if so, ways in which this discovery could be obtained efficiently.

If Your Honor has any questions concerning the foregoing, counsel remains available at the Court's convenience.

Respectfully,

/s/ *Kelly E. Farnan*

Kelly E. Farnan (#4395)

cc:     All Counsel of Record (via CM/ECF)