

Kristen Healey Cramer
1313 North Market Street, Suite 1201
Wilmington, Delaware 19801-6101
Direct Dial: 302.299.1573
Fax: 302.442.7012
kcramer@beneschlaw.com

May 14, 2025

**VIA CM/ECF**
The Honorable Christopher J. Burke
United States District Court for the District of Delaware
844 North King Street
Wilmington, DE 19801

Re: *OmniVision Technologies, Inc. v. RE Secured Networks, LLC*
C.A. No. 24-187-JLH-CJB

Dear Judge Burke:

Pursuant to Paragraph 14 of the Court's Scheduling Order (D.I. 35), Plaintiff OmniVision Technologies, Inc. ("OmniVision") and Defendant RE Secured Networks, LLC ("RE Secured") (collectively, the "Parties") submit this joint letter proposing the following time limits and configuration for the *Markman* hearing scheduled for June 24, 2025:

1. The Parties do not intend to present testimony at the hearing and anticipate that 2 hours per side should be sufficient. The Parties further agree to allow short reply and sur-reply arguments by each party subject to the Court's approval and overall allotment of time for the *Markman* hearing.

2. The Parties defer to the Court if there are specific questions that the Court wants to address. Otherwise, the Parties have agreed that the order of arguments should follow the order of terms as listed below. The Parties further agree that RE Secured goes first with its opening position, OmniVision then responds with its responsive position, followed by a short reply and sur-reply.[1]

3. The Parties understand that the Court will hear argument on up to six terms at the *Markman* hearing. (March 28 Oral Order, D.I. 80.) The below-listed seven terms remain in dispute. Without waiver as to any positions and so as to comply with the Court's Order, the Parties intend to argue terms #1, 2, 3, 4, 5, and 7. To the extent the Court would like to hear argument on term #6 or has any questions about it at the hearing, the Parties will be prepared to address that term as well. The Parties are otherwise amenable to the Court deciding the term #6 issue on the briefing or at a later

---

[1] The Parties have proposed an order of arguments that mirrors the order of the briefings submitted by the Parties. However, RE Secured defers to the Court on the order of arguments for terms # 4, 5, and 6, for which OmniVision has alleged indefiniteness if the Court would rather hear from OmniVision on these terms first.

juncture in the litigation (*e.g.*, at summary judgment) and will defer to the Court as to how to proceed.

|   | Claim Term | Joint Brief Pg. | Party Presenting First |
|---|---|---|---|
| 1 | Preambles ("an image sensor integrated circuit") | 14 | RE Secured |
| 2 | "coupling the plurality of nodes to the row and column circuitry" | 33 | RE Secured |
| 3 | "variable voltage circuitry" | 42 | RE Secured |
| 4 | "tending to" | 48 | RE Secured |
| 5 | "a plurality of p-type regions having a concentration stronger than a background p-type concentration of the plurality of transfer devices" | 58 | RE Secured |
| 6 | "control terminal having a non-constant work function" | 68 | RE Secured |
| 7 | "color interpolation circuit" / "combining the first, second, third, and fourth digital signals" | 72 | RE Secured |

    Should Your Honor have any questions or concerns regarding the foregoing, counsel are available at the Court's convenience.

Respectfully submitted,

BENESCH FRIEDLANDER
  COPLAN & ARONOFF LLP

*/s/ Kristen Healey Cramer*

Kristen Healey Cramer (No. 4512)

CC: All counsel of record, via CM/ECF