# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| OMNIVISION TECHNOLOGIES, INC., | C.A. No. 24-187-JLH-CJB |
| Plaintiff and Counterclaim-Defendant, | |
| v. | **REDACTED VERSION** Filed: November 17, 2025 |
| RE SECURED NETWORKS, LLC, | |
| Defendant and Counterclaim-Plaintiff. | |

## RE SECURED NETWORK, LLC'S LETTER TO THE THE HONORABLE CHRISTOPHER J. BURKE REGARDING DISCOVERY DISPUTES

Dated: October 27, 2025

*Of Counsel*:

KASOWITZ LLP
Timothy K. Gilman
Robert S. Pickens
Daniel Apgar
Amanda Sewanan
1633 Broadway
New York, NY 10019
(212) 506-1700
tgilman@kasowitz.com
rpickens@kasowitz.com
dapgar@kasowitz.com
asewanan@kasowitz.com

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

Anne Shea Gaza (No. 4093)
Pilar G. Kraman (No. 5199)
Jennifer P. Siew (No. 7114)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
pkraman@ycst.com
jsiew@ycst.com

*Attorneys for Defendant RE Secured Networks, LLC*

Dear Judge Burke,

Defendant and Counterclaim-Plaintiff RE Secured Networks, LLC ("RESN") submits this letter brief pursuant to the Court's Oral Order (D.I. 155) regarding certain discovery disputes.

**Technical Discovery**: Plaintiff and Counterclaim-Defendant OmniVision Technologies, Inc. ("OmniVision") filed this declaratory judgment action for non-infringement of its OV24A series of complementary metal-oxide ("CMOS") image sensors on February 12, 2024. D.I. 1. RESN then filed counterclaims accusing a number of additional image sensors (the "Accused Products"). D.I. 57 at ¶¶ 28-37. To date, OmniVision has produced only a self-selected partial set of technical discovery, omitting key documents for most of the Accused Products which show the structure and operation of the Accused Products relevant to infringement: GDS files, process flow information, and related mapping information, as well as source code and circuit diagrams.[1]

RESN's infringement contentions address and rely on the GDS files, circuit diagrams, source code, and process flow information prior produced by OmniVision at the time—*e.g.*, for the OV24A, OV9650, and OV5640 Accused Products, the only products for which OmniVision had produced such information. *See* Exs. 16-20. RESN also served representativeness contentions analyzing the limited evidence OmniVision has produced to date for the other Accused Products (*e.g.*, data sheets and specifications). *See, e.g.*, *See* Ex. 16 at 6-15; Ex. 21. For example, Exhibit 20 generally provides contentions for the OV24A and OV5640 using technical discovery, while, *e.g.*, RESN provided representativeness contentions for other products. *See* Ex. 16 at 13-15; *see also, e.g.*, Ex. 21 at 210-215 (providing pin cited evidence for, *e.g.*, the OV10640 and OV10642 data sheets).[2]

Despite these contentions, OmniVision continues to refuse to produce fulsome discovery, and objects to the production of additional technical materials because OmniVision: (1) disagrees with RESN's substantive theories; (2) alleges RESN's representativeness contentions are insufficient; and (3) alleges production would be burdensome. *See* Ex. 1 at 1; Ex. 2 at 1-2; Ex. 3 at 1-2.

***As to objections (1) and (2),*** OmniVision has serially advanced these same arguments before this Court in the past, and they should be rejected again here. In *ID Image Sensing LLC v. OmniVision Technologies, Inc.*, OmniVision filed a motion to strike Plaintiff's infringement contentions. The Court denied that motion, finding the "gist of Defendant's argument [was] that Plaintiff's infringement theories lack[ed] merit," that "contentions are a discovery tool," and that "Defendant [would] have the opportunity to argue that Plaintiff's theories lack merit in a motion for summary judgment and/or at trial." No. 20-136-RGA-JLH, D.I. 113 (D. Del. Apr. 18, 2022) (Ex. 14).[3]

---

[1] *See* Declaration of L. Richard Carley, RESN's technical expert, filed contemporaneously.

[2] As the substance of RESN's contentions is at issue, RESN has attached complete copies.

[3] OmniVision's failure to provide GDS files, process flow information, and other materials again arose in *Collabo Innovations, Inc. v. OmniVision Technologies, Inc.*, No. 16-197, D.I. 100 (D. Del. Sept. 22, 2017) (letter from plaintiff's counsel to Judge Fallon regarding OmniVision's "fail[ure] to provide full GDS files . . . ordered to be produced by the Court") (attached as Ex. 15). *See also Greenthread, LLC v. OmniVision Techs., Inc.*, No. 23-157-JRG, 2024 WL 1913130, at *6 (E.D. Tex. May 1, 2024) (citation omitted) ("[Plaintiff] cannot chart the specific arrangements and properties of every Accused Product when such information is not publicly available."

OmniVision's arguments are situated no differently here—OmniVision cannot leverage its premature noninfringement arguments and unilateral non-production of relevant documents to constrain the appropriate scope of discovery to which RESN is entitled in this litigation.

***As to burden***, RESN offered to narrow its requested discovery to a list of 33 recently sold Accused Products to lessen any burden. *See* Ex. 1. And OmniVision's witnesses have confirmed that the relevant discovery is readily accessible. Ex. 6 at 89:21-24, 100:16-19; Ex. 11 at 23:19-25.

RESN understood OmniVision to have accepted that offer, but OmniVision's response was to produce a different set of 25 additional GDS files that it claimed were "a random selection" "not [] selected for this case." Exs. 4 and 5. Notably, OmniVision's list included products never accused and that have zero sales. *Compare*, *e.g.*, Ex. 5 (███████████████████████████, *with* Ex. 7 at line 47 (█████████████). And OmniVision never produced corresponding source code, circuit diagrams, or mapping information. Instead, OmniVision "invite[d] [RESN] to review" its again *partial* production for its 25 self-selected products. As to representativeness, OmniVision offered representativeness only such that it would allow RESN to "stipulate to non-infringement of the '145 and '274 patents." Ex. 4. Offering a constrained production conditioned on establishing non-infringement turns the discovery process on its head. RESN thus asks that OmniVision be compelled to produce discovery, at a minimum for the 33 products identified in Exhibit 1.

**Interrogatory Responses**: OmniVision's interrogatory responses are similarly deficient as unilaterally cabined to the products for which OmniVision decided to produce fulsome discovery. For example, OmniVision has identified sales data in response to Interrogatory No. 9 for only the OV24A and OV9650 (despite having produced sales data for additional products earlier in the case). *Compare* Ex. 8 at 10-11 (incorporating Ex. 9) *with* Ex. 7. This issue pervades OmniVision's responses to each of RESN's three sets of Interrogatories and RESN requests that the Court compel OmniVision to respond to those interrogatories for all Accused Products. *See also* Ex. 8 at 22-23 (limiting responses to the "OV24A, OV9650, and OV5640"); Ex. 12 at 7-8; Ex. 13 at 10-12.

**Rule 30(b)(1) and 30(b)(6) Depositions**: OmniVision has likewise cabined deposition discovery, declining to provide Rule 30(b)(6) witnesses on anything more than its self-selected universe of Accused Products. Ex. 10 at 8 ("OmniVision's responses to these Topics relate to the Accused Products…as follows…OV24A [for the '671 patent] and OV24A and OV5640 [for the '145 and '274 patents]."). Problematically, even where OmniVision did agree to provide a witness, those witnesses have been unprepared or not offered. *See* Ex. 10 at 34-37 (designating Anson Chan, who has not been offered, for numerous topics); *compare id.* at 17-19 (designating Ruby Wang for Topic No. 9) *with* Ex. 6 at 14:12-15 (███████████████████████████████████████████████). RESN thus requests the Court compel complete deposition testimony for the appropriate set of Accused Products and topics.

Had OmniVision timely produced the foregoing, RESN would have been in receipt of it by the close of discovery. OmniVision, however, refused to produce appropriate discovery. Accordingly, RESN requests that the Court permit RESN to serve supplemental opening expert reports or the parties to appropriately extend the current deadlines for expert reports, allowing RESN time to address this discovery following its production. RESN does not propose amending other deadlines.

Dated: October 27, 2025

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*Of Counsel*:

*/s/ Jennifer P. Siew*

**KASOWITZ LLP**
Timothy K. Gilman
Robert S. Pickens
Daniel Apgar
Amanda Sewanan
1633 Broadway
New York, NY 10019
(212) 506-1700
TGilman@kasowitz.com
RPickens@kasowitz.com
DApgar@kasowitz.com
ASewanan@kasowitz.com

Anne Shea Gaza (No. 4093)
Pilar G. Kraman (No. 5199)
Jennifer P. Siew (No. 7114)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
pkraman@ycst.com
jsiew@ycst.com

*Attorneys for Defendant/Counterclaimant*
*RE Secured Networks, LLC*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| OMNIVISION TECHNOLOGIES, INC., | |
|       Plaintiff and Counterclaim-Defendant, | C.A. No. 24-187-JLH-CJB |
|       v. | |
| RE SECURED NETWORKS, LLC, | |
|       Defendant and Counterclaim-Plaintiff. | |

**[PROPOSED] ORDER GRANTING RE SECURED NETWORKS, LLC'S**
**MOTION REGARDING DISCOVERY DISPUTES**

WHEREAS, the Court having considered the parties' submissions and arguments regarding RE Secured Networks, LLC's ("RESN") Motion regarding Discovery Disputes (the "Motion");

IT IS HEREBY ORDERED this _____ day of _____, 2025, that:

1. RESN's Motion is GRANTED.

2. OmniVision Technologies, Inc. ("OmniVision") is ordered to:

    a. produce the requested technical documents, including GDS files, process flow and mapping information, as well as circuit diagrams and source code for all 33 Accused Products listed in Exhibit 1 to RESN's Motion;

    b. respond over its objections regarding the merits of RESN's infringement contentions to RESN's Interrogatories Nos. 1, 4, 6, 8-9, 15-16, 18, 21-23; and

     c.   provide dates and witnesses, including over its objections regarding the merits of RESN's infringement contentions, for the witnesses subject to RE Secured's Rule 30(b)(6) notice and Rule 30(b)(1) notices.

IT IS HEREBY FURTHER ORDERED that the parties will meet and confer and submit a proposed revised case schedule within ___ days of this Order 1) setting a deadline for RESN to serve a supplemental opening expert report in response to the additional discovery OnmiVision is ordered to produce above; or 2) amending the deadlines for expert discovery as currently set forth in D.I. 142.

 

<div style="margin-left:50%">

_____

The Honorable Christopher J. Burke
United States Magistrate Judge

</div>

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on October 27, 2025, a copy of the foregoing document was served on the counsel listed below in the manner indicated:

**BY EMAIL**

Steven J. Fineman
Kelly E. Farnan
Sara M. Metzler
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
fineman@rlf.com
farnan@rlf.com
metzler@rlf.com

Kristen Healey Cramer
Noelle B. Torrice
BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP
1313 North Market Street, Suite 1201
Wilmington, DE 19801
kcramer@beneschlaw.com
ntorrice@beneschlaw.com

*Attorneys for Plaintiff OmniVision Technologies, Inc.*

David H. Bluestone
Samuel J. Ruggio
Charles M. McMahon
Thomas M. DaMario
Carlton J. Hemphill
Kathleen Lynch
Kathleen Watson Moss
BENESCH FRIEDLANDER COPLAN &
ARONOFF LLP
71 S. Wacker Drive, Suite 1600
Chicago, IL 60606
dbluestone@beneschlaw.com
sruggio@beneschlaw.com
cmcmahon@beneschlaw.com
tdamario@beneschlaw.com
chemphill@beneschlaw.com
klynch@beneschlaw.com
kwatsonmoss@beneschlaw.com

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

*/s/ Jennifer P. Siew*
Anne Shea Gaza (No. 4093)
Pilar G. Kraman (No. 5199)
Jennifer P. Siew (No. 7114)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
pkraman@ycst.com
jsiew@ycst.com

*Attorneys for Defendant RE Secured Networks, LLC*