## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

OMNIVISION TECHNOLOGIES, INC.,

        Plaintiff and Counterclaim-
        Defendant,

        v.

RE SECURED NETWORKS, LLC,

        Defendant and Counterclaim-
        Plaintiff.

C.A. No. 24-187-JLH-CJB

**REDACTED VERSION**
**Filed: November 17, 2025**

---

### RE SECURED NETWORKS, LLC'S REPLY IN SUPPORT OF
### ITS OPENING LETTER TO THE HONORABLE CHRISTOPHER J. BURKE
### REGARDING DISCOVERY DISPUTES

Dated: November 10, 2025

*Of Counsel*:

KASOWITZ LLP
Timothy K. Gilman
Robert S. Pickens
Daniel Apgar
Amanda Sewanan
1633 Broadway
New York, NY 10019
(212) 506-1700
tgilman@kasowitz.com
rpickens@kasowitz.com
dapgar@kasowitz.com
asewanan@kasowitz.com

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

Anne Shea Gaza (No. 4093)
Pilar G. Kraman (No. 5199)
Jennifer P. Siew (No. 7114)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
pkraman@ycst.com
jsiew@ycst.com

*Attorneys for Defendant RE Secured Networks, LLC*

Dear Judge Burke,

OmniVision's opposition failed to address or contest production of the requested interrogatory responses and circuit diagrams, thus the Court should compel those responses and production.

As to the remaining items—GDS files, process flow, mapping information, and depositions, OmniVision's counterarguments are inapposite. OmniVision asserts that RESN failed to meet its infringement contention obligations but that is belied by OmniVision's attachment of RESN's timely contentions to its own opposition. Exs. OV_26 at 2-13, OV_27-28. Regarding the dispute at hand, namely the sufficiency of OmniVision's technical document production, it was OmniVision's burden to provide "core technical documents . . . sufficient to show how the accused product(s) work[]." D.I. 35, ¶6(c). And OmniVision admits that it only provided process material for a handful of products with the intent "that RESN [could] further confirm that OVT would not have [certain limitations] of the '145 and '274 patent." That is not how discovery works—OmniVision cannot withhold discovery needed to prove infringement and then point to that lack of evidence as alleged proof of non-infringement.

OmniVision cites documents it did produce, but its engineers admit those documents do not reflect its products' pixel design, a core issue here. Ex. 22 at 61:9-22; Ex. 38 at 73:7-24; 83:5-15, 84:22-85:6. And while OmniVision criticizes Dr. Carley for visiting the source code computer twice, OmniVision omits that RESN's other expert, Tyler Hebert, visited *eight times*. *See* Exs. 23-29.

Finally, OmniVision improperly attacks the sufficiency of RESN's contentions to justify its non-compliance with its discovery obligations, but "tit-for-tat" is not a valid basis to withhold discovery. *See, e.g.*, *Comm'r Gary Lanigan*, 2016 WL 3626524, at *2 (D.N.J. July 1, 2016) (a party cannot play "tit-for-tat" to withhold discovery). RESN engaged in months of good faith efforts to obtain appropriate discovery to supplement its contentions (*e.g.*, Exs. 30-32), believing that it had reached compromises only to have OmniVision repeatedly backtrack or outright renege (*e.g.*, Exs. 33-36). Further, OmniVision claims it "took the high road" by not moving to strike RESN's contentions. D.I. 163 at 2. Not so. Instead, OmniVision made the unilateral decision that RESN's contentions were somehow insufficient and engaged in self-help by withholding discovery, including the very discovery that would have further informed those contentions.

OmniVision's caselaw is likewise inapposite—*TexasLDPC* concerned a request for non-infringement contentions where there were "more than a *thousand different* [accused] products. 2022 WL 19406566, *2 (D. Del. Aug. 4, 2022); *see also Pers. Audio, LLC v. Google LLC*, 2018 WL 11656746, at *1 (D. Del. Nov. 15, 2018) (concerning "2,022 accused devices"). RESN has already provided representativeness contentions based on discovery to date and is seeking documents for only 33 products long at issue in this case. And OmniVision's justification to withhold discovery as "sensitive trade secret information" (D.I. 163 at 2) is belied by OmniVision's decision to instead provide the same information for products that are *not even accused* in this litigation. OmniVision should be compelled to provide the requested discovery.

OmniVision's non-response on depositions concedes its improper conduct. It claims that "there is no issue [] providing witnesses on topics" (*Id.* at 2), but ignores that OmniVision failed to provide witnesses before the close of fact discovery. And only recently—after weeks of RESN requesting it do so and after the close of fact discovery—did OmniVision provide a deposition date for one witness, without justification or prior consent. Ex. 37, 39. Thus, RESN requests the Court extend RESN's deadline for serving its opening expert report or allow supplementation.

1

Dated: November 10, 2025

Young Conaway Stargatt & Taylor, LLP

*Of Counsel*:

/s/ *Jennifer P. Siew*

**Kasowitz LLP**
Timothy K. Gilman
Robert S. Pickens
Daniel Apgar
Amanda Sewanan
1633 Broadway
New York, NY 10019
(212) 506-1700
TGilman@kasowitz.com
RPickens@kasowitz.com
DApgar@kasowitz.com
ASewanan@kasowitz.com

Anne Shea Gaza (No. 4093)
Pilar G. Kraman (No. 5199)
Jennifer P. Siew (No. 7114)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
pkraman@ycst.com
jsiew@ycst.com

*Attorneys for Defendant/Counterclaimant
RE Secured Networks, LLC*

# Exhibit 22

CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 1

1           IN THE UNITED STATES DISTRICT COURT

2              FOR THE DISTRICT OF DELAWARE

3    OMNIVISION TECHNOLOGIES, INC.,      ) Case No.
                                         ) 1:24-cv-00187-JLH-CJB
4        Plaintiff,                      )
                                         )
5      vs.                               )
                                         )
6    RE SECURED NETWORKS, LLC,           )
                                         )
7        Defendant.                      )
     _____ )

8

9           CONFIDENTIAL - ATTORNEYS EYES ONLY

10    VIDEOTAPED 30(b)(6) DEPOSITION OF RUI 'RUBY' WANG

11              Santa Clara, California

12            Wednesday, October 22, 2025

13

14

15         REPORTED BY: Derek L. Hoagland

16              CSR No. 13445

17

18

19

20

21

22

23

24

25

CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 2

1              IN THE UNITED STATES DISTRICT COURT

2                  FOR THE DISTRICT OF DELAWARE

3    OMNIVISION TECHNOLOGIES, INC.,      ) Case No.
                                         ) 1:24-cv-00187-JLH-CJB
4         Plaintiff,                     )
                                         )
5         vs.                            )
                                         )
6    RE SECURED NETWORKS, LLC,           )
                                         )
7         Defendant.                     )
     _____ )

8

9

10

11   Videotaped 30(b)(6) Deposition of RUI 'RUBY' WANG, taken

12   before Derek L. Hoagland, a Certified Shorthand Reporter

13   for the State of California, commencing at 9:01 a.m.,

14   Wednesday, October 22, 2025, at Omnivision, 2240 Agnew

15   Road in Santa Clara, California 95054.

16

17

18

19

20

21

22

23

24

25

CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 3

1    APPEARANCES:
2
3    COUNSEL FOR OMNIVISION
     BENESCH FRIEDLANDER COPELAND & AARONOFF
4    71 South Wacker
     Chicago, Illinois 60601
5    Unit 1600
     BY:  DAVID BLUESTONE, ESQ.
6         dbluestone@beneschlaw.com
7
     COUNSEL FOR RE SECURED NETWORKS
8    KASOWITZ LLP
     1633 Broadway
9    Floor 20
     New York, New York 10019
10   BY:  DANIEL APGAR, ESQ.
          dapgar@kasowitz.com
11        -- and --
     BY:  AMANDA SEWANAN, ESQ.
12        asewanan@kasowitz.com
13
     ALSO PRESENT
14   JOSEPH BLEA, VIDEOGRAPHER
15
16
17
18
19
20
21
22
23
24
25

CONFIDENTIAL - ATTORNEYS EYES ONLY

                                                          Page 61

1    that you typically use?

2    A.        Typically use.  I -- I'm not sure how to answer

3    your question.  So we still use the data sheet.

4    Q.        Mm-hmm.

5    A.        Yeah.  They have a register table inside.

6    Right.

7    Q.        Right.

8    A.        Yeah.

9    Q.        Does the -- do the product data sheets include

10   the circuit diagrams for the pixel?

11   A.        I'm not sure.  Yeah.  I don't -- I don't think

12   we need to list this (unintelligible).

13            (Reporter clarification.)

14            THE DEPONENT:  We don't need to list the pixel

15   schematic.  I don't think so.

16   BY MR. APGAR:

17   Q.        And -- yeah, feel free to flip through if you

18   would like.

19   A.        Yeah.  They have block -- pixel -- yeah, they do

20   have pixel array structure.  Oh, like this.  Yeah, they

21   don't list the pixel schematic.  It's only the array

22   structure.  Yeah.

23   Q.        And for the purposes of the record, what page

24   are you looking at?

25   A.        I'm looking at page 17975.

CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 223

```
 1    go to outside.  They will help to do the -- some kind of
 2    a, yeah, image or something, yeah.  I don't -- I don't
 3    think so.
 4    Q.      And have you seen the -- this imagery?
 5    A.      Yes.  Debug, sure, yeah.
 6    Q.      And does this imagery show the layers under the
 7    transfer gates?
 8    A.      Ah, no.  I am circuit, so usually it is
 9    outside --
10            THE REPORTER:  I am what?
11            THE DEPONENT:  I am circuit designer.  Sorry.  I
12    am circuit designer.  And usually a way to debug is
13    outside of the pixel array.  Yeah.
14    BY MR. APGAR:
15    Q.      ██████████████████████████████████████
      ████████████████████████████████████████████
      ██  ████████████████  ████████████████████████
      ██  ██████████  ████████
19    Q.      Why do you think that?
20    A.      For process development, yeah.  I think we -- we
21    should know our design.
22    Q.      ████████████████████████████████████████
      ████████████████████████████████████████████████
      ████████████████████████████████████████████████
25    A.      I could have -- I didn't hear.  Can you -- could
```

CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 224

1   you repeat?  I couldn't...

2   ████    ████ ▏ ████████████████████

▏████████████████████████████████████████

▏████████████████████████████████████████

▏   ████   ██████████████████████████

6   Q.      Mm-hmm.  Do you recall which products it related

7   to?

8   A.      I don't recall.  I don't recall.

9   Q.      Mm-hmm.  Do you know if there's a repository or

10  some archive where that type of imagery would --

11  A.      I don't know.  Yeah.

12  Q.      Okay.  Ms. Wang -- Ms. Wang, you have a number

13  of -- of patents of your own --

14  A.      Yeah.  Yeah.

15  Q.      -- correct?

16          Where you are listed as one of the named

17  inventors?

18  A.      Yes.

19  Q.      And did you get those patents for your work

20  while you were working at OmniVision?

21  A.      Yes.

22  Q.      Were you involved in the application process for

23  your patents?

24  A.      I am involved, yeah.

25  Q.      And do you know that when a patent is applied

# Exhibit 23

**Archived:** Monday, November 10, 2025 2:11:40 PM
**From:** Bluestone, David
**Mail received time:** Mon, 9 Jun 2025 21:05:54
**Sent:** Mon, 9 Jun 2025 21:04:53
**To:** Sewanan, Amanda
**Cc:** Gilman, Tim  RE Secured Networks  Siew, Jennifer P.  Gaza, Anne Shea  Kraman, Pilar  OmniVision24cv187  Gerson, Chris  Lynch, Kathleen
**Subject:** Re: Case No. 24-187-JLH-CJB: OmniVision Technologies, Inc. v. RE Secured Networks, LLC - CONFIDENTIAL
**Importance:** Normal
**Sensitivity:** None

---

Hi Amanda,

Yes.  The building technically closes at 5:30pm, but you can stay until 6pm.

Regards,

Dave



| | David H. Bluestone |
| --- | --- |
| | Partner | Intellectual Property |
| | Benesch Friedlander Coplan & Aronoff LLP |
| | t: 312.517.9564 | m: 312.286.7187 |
| vCard Bio | DBluestone@beneschlaw.com | www.beneschlaw.com |
| | 71 South Wacker Drive, Suite 1600, Chicago, IL 60606~-4637 |
| | Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice |

**From:** Sewanan, Amanda <Amanda.Sewanan@srz.com>
**Date:** Sunday, June 8, 2025 at 10:49 'a0AM
**To:** Bluestone, David <DBluestone@beneschlaw.com>
**Cc:** Gilman, Tim <Tim.Gilman@srz.com>, RE Secured Networks <RESecuredNetworks@srz.com>, Siew, Jennifer P. <JSiew@ycst.com>, Gaza, Anne Shea <agaza@ycst.com>, Kraman, Pilar <PKraman@ycst.com>, OmniVision24cv187 <OmniVision24cv187@beneschlaw.com>, Gerson, Chris <Chris.Gerson@srz.com>, Lynch, Kathleen <klynch@beneschlaw.com>
**Subject:** Re: Case No. 24-187-JLH-CJB: OmniVision Technologies, Inc. v. RE Secured Networks, LLC - CONFIDENTIAL

Hi Dave,

Thank you for confirming. ==We plan to start at 9:30am PT on Tuesday and at 9am on the following days.== Can you please confirm that we will have access to the standalone computer until 6pm PT each day?

Thanks,
Amanda

**Amanda Sewanan**

Associate

**T:** +1 212.756.2204
**E:** Amanda.Sewanan@srz.com

Schulte Roth & Zabel LLP
919 Third Avenue, New York, NY 10022
srz.com | LinkedIn | Twitter

 SCHULTE ROTH + ZABEL

---

**From:** Bluestone, David <DBluestone@beneschlaw.com>
**Sent:** Saturday, June 7, 2025 1:25:29 PM
**To:** Sewanan, Amanda <Amanda.Sewanan@srz.com>
**Cc:** Gilman, Tim <Tim.Gilman@srz.com>; RE Secured Networks <RESecuredNetworks@srz.com>; Siew, Jennifer P. <JSiew@ycst.com>; Gaza, Anne Shea <agaza@ycst.com>; Kraman, Pilar <PKraman@ycst.com>; OmniVision24cv187 <OmniVision24cv187@beneschlaw.com>; Gerson, Chris <Chris.Gerson@srz.com>; Lynch, Kathleen <klynch@beneschlaw.com>
**Subject:** Re: Case No. 24-187-JLH-CJB: OmniVision Technologies, Inc. v. RE Secured Networks, LLC - CONFIDENTIAL

Hi Amanda,

We can proceed as you have requested.

The building in which the standalone computer will be available for review opens at 9am pacific time.  It is in the same complex as the main office address.  The specific building address is 2240 Agnew Rd, Santa Clara, CA 95954.  Please bring identification.

Please let us know what time you expect to start on Tuesday morning so that we can coordinate supervision.  No electronic devices are allowed in the review room.  There will be separate space where you can use your devices.

Regards,

Dave



David H. Bluestone
Partner | Intellectual Property
Benesch Friedlander Coplan & Aronoff LLP

t: 312.517.9564 | m: 312.286.7187
DBluestone@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606–4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

---

**From:** Lynch, Kathleen <klynch@beneschlaw.com>
**Date:** Friday, June 6, 2025 at 6:15 'a0PM
**To:** Sewanan, Amanda <Amanda.Sewanan@srz.com>
**Cc:** Gilman, Tim <Tim.Gilman@srz.com>, RE Secured Networks <RESecuredNetworks@srz.com>, Siew,

Jennifer P. <JSiew@ycst.com>, Gaza, Anne Shea <agaza@ycst.com>, Kraman, Pilar <PKraman@ycst.com>, OmniVision24cv187 <OmniVision24cv187@beneschlaw.com>, Gerson, Chris <Chris.Gerson@srz.com>
**Subject:** Re: Case No. 24-187-JLH-CJB: OmniVision Technologies, Inc. v. RE Secured Networks, LLC - CONFIDENTIAL

Hi Amanda,

We are still awaiting final confirmation from the client, but we believe this timing will work.

Thanks,
Kat



Kathleen Lynch
(she/her/hers)
Associate | Intellectual Property
Benesch Friedlander Coplan & Aronoff LLP

vCard Bio

t: 872.302.6482 | klynch@beneschlaw.com
www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606~4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

---

**From:** Sewanan, Amanda <Amanda.Sewanan@srz.com>
**Sent:** Friday, June 6, 2025 4:24 PM
**To:** Lynch, Kathleen <klynch@beneschlaw.com>
**Cc:** Gilman, Tim <Tim.Gilman@srz.com>; RE Secured Networks <RESecuredNetworks@srz.com>; Siew, Jennifer P. <JSiew@ycst.com>; Gaza, Anne Shea <agaza@ycst.com>; Kraman, Pilar <PKraman@ycst.com>; OmniVision24cv187 <OmniVision24cv187@beneschlaw.com>; Gerson, Chris <Chris.Gerson@srz.com>
**Subject:** RE: Case No. 24-187-JLH-CJB: OmniVision Technologies, Inc. v. RE Secured Networks, LLC - CONFIDENTIAL

Kat,

Following up on the below—can you please confirm that our proposed dates from 6/10-6/12 for reviewing OmniVision's source code computer work for your client?

Thanks,
Amanda

**Amanda Sewanan**

Associate

**T:** +1 212.756.2204

**E:** Amanda.Sewanan@srz.com

Schulte Roth & Zabel LLP
919 Third Avenue, New York, NY 10022

srz.com | LinkedIn | Twitter

# Exhibit 24

**Archived:** Monday, November 10, 2025 2:11:37 PM
**From:** Sewanan, Amanda
**Mail received time:** Tue, 29 Jul 2025 21:43:24
**Sent:** Tue, 29 Jul 2025 21:42:50
**To:** Bluestone, David   OmniVision24cv187
**Cc:** RE Secured Networks   Siew, Jennifer P.   Kraman, Pilar   Gaza, Anne Shea   Apgar, Daniel   Timothy Gilman
**Subject:** RE: Case No. 24-187-JLH-CJB: OmniVision Technologies, Inc. v. RE Secured Networks, LLC - Inspection of Technical Discovery Materials
**Importance:** Normal
**Sensitivity:** None

---

Hi Dave,

==Confirming that Mr. Hebert will be at OmniVision's facilities for the inspection on Thursday, July 31. We will be in touch regarding additional days for inspection, as appropriate.==

Thanks,
Amanda

**Amanda Sewanan**

Associate

**T:** +1 212.756.2204
**E:** Amanda.Sewanan@srz.com

Schulte Roth & Zabel LLP
919 Third Avenue, New York, NY 10022
srz.com | LinkedIn | Twitter

 **SCHULTE ROTH + ZABEL**

**From:** Bluestone, David <DBluestone@beneschlaw.com>
**Sent:** Tuesday, July 29, 2025 3:11 PM
**To:** Sewanan, Amanda <Amanda.Sewanan@srz.com>; OmniVision24cv187 <OmniVision24cv187@beneschlaw.com>
**Cc:** RE Secured Networks <RESecuredNetworks@srz.com>; Siew, Jennifer P. <jsiew@ycst.com>; Kraman, Pilar <pkraman@ycst.com>; Gaza, Anne Shea <agaza@ycst.com>; Apgar, Daniel <Daniel.Apgar@srz.com>; tgilman@kasowitz.com
**Subject:** Re: Case No. 24-187-JLH-CJB: OmniVision Technologies, Inc. v. RE Secured Networks, LLC - Inspection of Technical Discovery Materials

**-CAUTION: EXTERNAL EMAIL from dbluestone@beneschlaw.com**
**Do not click any links or open any attachments unless you are expecting the email and know the content is safe.**

Dear Amanda,

Thank you for your message. OmniVision can host the inspection on Thursday, but cannot do Friday.  If you believe that RESN requires Friday, please let me know and we can try to arrange for availability in Chicago instead.

Mr. Hebert does not appear to have the technical background to address semiconductor doping in image sensor pixel cells. Dr. Carley appears to be better suited for identifying what portions RE Secured would believe to be relevant for printing in that respect. That said, if Mr. Hebert can identify the relevant portion of the process information for printing, OmniVision is

happy to work with him. Please note that the Protective Order does not allow for wholesale printing of all of the process steps for the pixel.

Regards,

Dave



David H. Bluestone
Partner | Intellectual Property
Benesch Friedlander Coplan & Aronoff LLP

vCard  Bio

t: 312.517.9564 | m: 312.286.7187
DBluestone@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606~-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

---

**From:** Sewanan, Amanda <Amanda.Sewanan@srz.com>
**Date:** Monday, July 28, 2025 at 5:37 'a0PM
**To:** Bluestone, David <DBluestone@beneschlaw.com>, OmniVision24cv187 <OmniVision24cv187@beneschlaw.com>
**Cc:** RE Secured Networks <RESecuredNetworks@srz.com>, Siew, Jennifer P. <jsiew@ycst.com>, Kraman, Pilar <pkraman@ycst.com>, Gaza, Anne Shea <agaza@ycst.com>, Apgar, Daniel <Daniel.Apgar@srz.com>
**Subject:** Case No. 24-187-JLH-CJB: OmniVision Technologies, Inc. v. RE Secured Networks, LLC - Inspection of Technical Discovery Materials

Counsel,

Pursuant to Paragraph 11 of the Protective Order (D.I. 53), RE Secured is planning to conduct an inspection of the technical discovery materials that OmniVision has made available for inspection on its standalone computer at OmniVision's offices in Santa Clara, California. We expect to inspect at least the same technical discovery materials that were made available for our inspection in June 2025 (notwithstanding the deficiencies in those materials, as outlined in our June 26, 2025, letter to Mr. Bluestone). Please let us know if our technical expert, Mr. Tyler Hebert, can review these materials on Thursday and Friday of this week (July 31 and August 1, 2025).

Best,
Amanda

**Amanda Sewanan**

Associate

**T:** +1 212.756.2204
**E:** Amanda.Sewanan@srz.com

Schulte Roth & Zabel LLP
919 Third Avenue, New York, NY 10022
srz.com | LinkedIn | Twitter

 **SCHULTE ROTH + ZABEL**

'--------------------------------------------------------------------------------------------------------------------------------- NOTICE This e-mail message is intended only for the named recipient(s) above. It may contain confidential information that is

# Exhibit 25

**Archived:** Monday, November 10, 2025 2:11:34 PM
**From:** Amanda Sewanan
**Sent:** Thu, 14 Aug 2025 20:48:55
**To:** dbluestone@beneschlaw.com omnivision24cv187@beneschlaw.com
**Cc:** Timothy Gilman Daniel Apgar Robert S. Pickens jsiew@ycst.com pkraman@ycst.com agaza@ycst.com
**Subject:** Case No. 24-187-JLH-CJB: OmniVision Technologies, Inc. v. RE Secured Networks, LLC - Inspection of Technical Discovery Materials
**Importance:** Normal
**Sensitivity:** None

---

Counsel,

Pursuant to Paragraph 11 of the Protective Order (D.I. 53), RE Secured requests that its technical experts, Dr. L. Richard Carley and Mr. Tyler Hebert, be given access to the technical discovery materials that OmniVision has made available on its standalone computer at OmniVision's offices in Santa Clara, California. Please let us know if Dr. Carley and Mr. Hebert can review these materials on Wednesday, August 20, 2025.

Best,
Amanda



Amanda Sewanan
Kasowitz LLP
1633 Broadway
New York, NY 10019
Tel.   (212) 506-1732
Fax.  (212) 500-3411
ASewanan@kasowitz.com

This e-mail and any files transmitted with it are confidential and may be subject to the attorney-client privilege. Use or disclosure of this e-mail or any such files by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please notify the sender by e-mail and delete this e-mail without making a copy.

# Exhibit 26

**Archived:** Monday, November 10, 2025 2:11:23 PM
**From:** Amanda Sewanan
**Sent:** Thu, 2 Oct 2025 22:14:14
**To:** DBluestone@beneschlaw.com OmniVision24cv187@beneschlaw.com
**Cc:** Timothy Gilman Robert S. Pickens Daniel Apgar JSiew@ycst.com PKraman@ycst.com agaza@ycst.com
**Subject:** Case No. 24-187-JLH-CJB: OmniVision Technologies, Inc. v. RE Secured Networks, LLC - Inspection of Technical Discovery Materials
**Importance:** Normal
**Sensitivity:** None

---

Counsel,

Pursuant to Paragraph 11 of the Protective Order (D.I. 53), RE Secured requests that its technical experts, Dr. L. Richard Carley and Mr. Tyler Hebert, be given access to the technical discovery materials that OmniVision has made available on its standalone computer at OmniVision's offices in Santa Clara, California. Please let us know if Mr. Hebert can review these materials on October 7 and 8. Please also let us know if Dr. Carley and Mr. Hebert can review these materials on October 13 and if they can have an earlier start time (*e.g.*, 8 a.m.).

Best regards,
Amanda


Amanda Sewanan
Kasowitz LLP
1633 Broadway
New York, NY 10019
Tel.   (212) 506-1732
Fax.  (212) 500-3411
ASewanan@kasowitz.com

This e-mail and any files transmitted with it are confidential and may be subject to the attorney-client privilege. Use or disclosure of this e-mail or any such files by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please notify the sender by e-mail and delete this e-mail without making a copy.

# Exhibit 27

**Archived:** Monday, November 10, 2025 2:11:25 PM
**From:** Amanda Sewanan
**Sent:** Fri, 24 Oct 2025 01:37:55
**To:** DBluestone@beneschlaw.com OmniVision24cv187@beneschlaw.com
**Cc:** Omnivision v Re Secured Networks (RESN) JSiew@ycst.com PKraman@ycst.com agaza@ycst.com APOFF@ycst.com AStombaugh@ycst.com
**Subject:** Case No. 24-187-JLH-CJB: OmniVision Technologies, Inc. v. RE Secured Networks, LLC - Inspection of Technical Discovery Materials
**Importance:** Normal
**Sensitivity:** None

---

Counsel,

Pursuant to Paragraph 11 of the Protective Order (D.I. 53), RE Secured requests that its technical expert, Mr. Tyler Hebert, be given access to the technical discovery materials that OmniVision has made available on its standalone computer at OmniVision's offices in Santa Clara, California. Please let us know if Mr. Hebert can review these materials on Monday, October 27, 2025.

Best regards,
Amanda

Amanda Sewanan
Kasowitz LLP
1633 Broadway
New York, NY 10019
Tel.   (212) 506-1732
Fax.   (212) 500-3411
ASewanan@kasowitz.com

# Exhibit 28

**Archived:** Monday, November 10, 2025 2:11:28 PM
**From:** Amanda Sewanan
**Sent:** Mon, 27 Oct 2025 14:01:33
**To:** DBluestone@beneschlaw.com  OmniVision24cv187@beneschlaw.com
**Cc:** Omnivision v Re Secured Networks (RESN)  JSiew@ycst.com  PKraman@ycst.com  agaza@ycst.com  APOFF@ycst.com  AStombaugh@ycst.com
**Subject:** Case No. 24-187-JLH-CJB: OmniVision Technologies, Inc. v. RE Secured Networks, LLC - Inspection of Technical Discovery Materials
**Importance:** Normal
**Sensitivity:** None
**Attachments:**
image001.jpg;

---

Hi Dave,

Mr. Hebert will be at the standalone computer tomorrow, October 28.

Thanks,
Amanda

---

**From:** Bluestone, David <DBluestone@beneschlaw.com>
**Sent:** Saturday, October 25, 2025 6:40 PM
**To:** Amanda Sewanan <ASewanan@kasowitz.com>; OmniVision24cv187 <OmniVision24cv187@beneschlaw.com>
**Cc:** Omnivision v Re Secured Networks (RESN) <RESecuredNetworks@kasowitz.com>; Siew, Jennifer P. <JSiew@ycst.com>; Kraman, Pilar <PKraman@ycst.com>; Gaza, Anne Shea <agaza@ycst.com>; Poff, Adam <APOFF@ycst.com>; Stombaugh, Alexis N. <AStombaugh@ycst.com>
**Subject:** Re: Case No. 24-187-JLH-CJB: OmniVision Technologies, Inc. v. RE Secured Networks, LLC - Inspection of Technical Discovery Materials

---

ALERT: THIS IS AN EXTERNAL EMAIL. DO NOT CLICK ON ANY LINK, ENTER A PASSWORD, OR OPEN AN ATTACHMENT UNLESS YOU KNOW THAT THE MESSAGE CAME FROM A SAFE EMAIL ADDRESS.

---

Hi Amanda,

OmniVision can do Tuesday, October 28, 2025.  Please let me know if that works for Mr. Herbert.

Regards,

Dave

---

David H. Bluestone
Partner | Intellectual Property

# Exhibit 29

**Archived:** Monday, November 10, 2025 2:11:32 PM
**From:** Amanda Sewanan
**Sent:** Wed, 29 Oct 2025 21:23:54
**To:** OmniVision24cv187@beneschlaw.com DBluestone@beneschlaw.com
**Cc:** Omnivision v Re Secured Networks (RESN) PKraman@ycst.com JSiew@ycst.com agaza@ycst.com
**Subject:** Case No. 24-187-JLH-CJB: OmniVision Technologies, Inc. v. RE Secured Networks, LLC - Inspection of Technical Discovery Materials
**Importance:** Normal
**Sensitivity:** None

---

Counsel,

Pursuant to Paragraph 11 of the Protective Order (D.I. 53), RE Secured requests that its technical experts, Dr. L. Richard Carley and Mr. Tyler Hebert, be given access to the technical discovery materials that OmniVision has made available on its standalone computer at OmniVision's offices in Santa Clara, California. Please let us know if Mr. Hebert can review these materials on November 3 and 4, and if Dr. Carley and Mr. Hebert can review these materials on November 6 and 7.

Best regards,
Amanda

Amanda Sewanan
Kasowitz LLP
1633 Broadway
New York, NY 10019
Tel.  (212) 506-1732
Fax.  (212) 500-3411
ASewanan@kasowitz.com

This e-mail and any files transmitted with it are confidential and may be subject to the attorney-client privilege. Use or disclosure of this e-mail or any such files by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please notify the sender by e-mail and delete this e-mail without making a copy.

# Exhibit 30



**SCHULTE ROTH + ZABEL**

Amanda Sewanan
212.756.2204
Amanda.Sewanan@srz.com

July 18, 2025

**VIA E-MAIL**

Kathleen M. Lynch
Benesch, Friedlander, Coplan & Aronoff LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606-4637
klynch@beneschlaw.com

Re:   OmniVision Technologies, Inc. v. RE Secured Networks, LLC, C.A. No. 24-187-JLH-CJB

Dear Kathleen:

We write on behalf of RE Secured Networks, LLC ("RE Secured") in response to your letter dated July 3, 2025, on behalf of OmniVision Technologies, Inc.'s ("OmniVision").

Your letter materially and repeatedly misstates the record in this case, in what appears to be an effort to evade OmniVision's obligation to produce core technical discovery under the Scheduling Order (D.I. 34 at ¶ 6(c)). As RE Secured has repeatedly stated to OmniVision, RE Secured does not agree with OmniVision's baseless allegations that RE Secured's infringement contentions are deficient in any regard or that—even if they somehow were—RE Secured is obligated to provide updated infringement contentions before OmniVision meets its existing discovery obligations. *See, e.g.*, 5/7/2025 Letter from C. Gerson to D. Bluestone ("We disagree with OmniVision's allegations [that RE Secured's preliminary infringement contentions are deficient], and we also disagree with OmniVision's contention that it cannot determine which products are accused based on RE Secured's infringement contentions…"). OmniVision has long been on notice of RE Secured's infringement allegations with respect to the accused products, and OmniVision is required to provide technical discovery on those products—your continued refusal to do so is without justification and has prejudiced RE Secured in these proceedings.

Further, RE Secured has endeavored to work with OmniVision to move discovery forward in this case, even despite OmniVision's failure to meet its technical discovery obligations. For example, although under no obligation to do so, RE Secured served updated infringement contentions on May 7, 2025, based on the limited production that OmniVision had provided to RE Secured at that time (which notably did not include Process Materials) and based on the publicly available information available to RE Secured on the accused products.[1] *See, e.g.*, 5/7/2025 Letter from C. Gerson to D.

---

[1] OmniVision's argument that RE Secured's "amended infringement contentions do not provide any new technical information based on any of the Process Material or information" is a non sequitur—it was not until *after* RE Secured served its updated preliminary infringement contentions on May 7,



Kathleen M. Lynch
July 18, 2025
Page 2

Bluestone ("[I]n the interest of compromise and given the need to move discovery in this case forward, RE Secured hereby serves updated preliminary infringement contentions."). RE Secured also stated that it was willing to consider a production of OmniVision's Process Materials for a few exemplary products **to begin** the review process. *See, e.g.*, 5/7/2025 Letter from C. Gerson to D. Bluestone ("Please confirm that OmniVision will produce technical discovery for all accused products by May 23. (For Process Materials, we remain amenable to a staged production where OmniVision starts with a few exemplary products in the next few weeks.)."); 2/18/25 Email from A. Sewanan to D. Bluestone ("…RE Secured maintains its position that OmniVision should provide us with discovery and technical documentation for all Accused Products, not only these three. However, including to avoid further discovery delays, which have already been to RE Secured's prejudice, we are willing to review a more targeted first set of discovery that is directed to these three products, and we look forward to working with you on an efficient approach as to the remainder."). We have reviewed the limited material you have produced and tried to explore a streamlined approach to discovery (in order to minimize OmniVision's burden) centered around a staged production and an agreement on representativeness. But with OmniVision refusing to agree to representativeness, you must immediately produce technical discovery on all of the remaining accused products—discovery that RE Secured has been entitled to for months.

There was never any contrary agreement by RE Secured to waive discovery to which it was otherwise entitled. It is disappointing that OmniVision is now choosing to blatantly ignore RE Secured's attempts to work with OmniVision to resolve the parties' discovery disputes, and attempt to invoke some phantom "agreement" that never existed. We remain willing to work together to streamline discovery where we can—including through representativeness, which OmniVision should be willing to agree to in good faith—but absent such agreement we will exercise our rights fully.

We are also concerned with the factual inaccuracies in your letter. For example, you incorrectly claim that "[w]e received no response to [Mr. Bluestone's 2/10/25 Letter to C. Gerson], nor did RE Secured agree to meet and confer." 7/3/25 Ltr. at 2. This is doubly inaccurate. Not only did RE Secured respond to Mr. Bluestone's letter via email, RE Secured agreed to meet and confer and *did* meet and confer with OmniVision promptly on February 13, 2025. *See* 2/11/25 Email from A. Sewanan to D. Bluestone (stating our availability to meet and confer based on proposed times offered in Mr. Bluestone's 2/10/25 Letter to C. Gerson). RE Secured then sent a follow-up email to Mr. Bluestone on February 18, 2025, to resolve, in good faith, the discovery issues discussed during the February 13 meet-and-confer. *See* 2/18/25 Email from A. Sewanan to D. Bluestone (writing to

2025, that OmniVision stated that it had collected technical discovery materials for inspection and made its Process Materials and other technical discovery materials available for RE Secured's inspection. 5/12/25 Email from K. Lynch to C. Gerson ("We are in receipt of the letter from Christopher Gerson to David Bluestone, dated May 7, 2025 [re service of the updated preliminary infringement contentions]"). RE Secured's updated preliminary infringement contentions could not reasonably have been based on discovery that OmniVision was still withholding at the time. *See, e.g.*, 5/7/2025 Letter from C. Gerson to D. Bluestone.



Kathleen M. Lynch
July 18, 2025
Page 3

provide highly-specific technical information "on certain claim limitations that you identified during our meet and confer and in your February 7, 2025, letter" and stating that "[b]ased on our discussion, we understand that you have agreed to provide discovery and the technical documentation at least for three Accused Products (*i.e.*, the OV5640, OV24A1Q, and OV9656 image sensors), but you are requesting more explanation for what we are looking for in the technical documentation so that you can make it available to us"). It was RE Secured's understanding from the February 13, 2025, meet-and-confer that, once it provided the requested information, OmniVision would be able to make its Process Materials available on the standalone computer for RE Secured's review within two weeks. *See* 2/18/25 Email from A. Sewanan to D. Bluestone (asking OmniVision to confirm it "can provide at least the above technical documentation available to us for review within two weeks, as discussed during our meet and confer"). However, Mr. Bluestone declined to make its technical discovery available for inspection, despite its representations to do so during the February 13th meet-and-confer, stating that the information RE Secured provided "does not address the key information that we requested in our discussion" and asking whether RE Secured would provide "supplemental infringement contentions or any further information as to its infringement theories." *See* 2/18/25 Email from D. Bluestone to C. Gerson. As RE Secured reminded OmniVision in its 2/20/25 Email from A. Sewanan to D. Bluestone, RE Secured has "been trying to work with OmniVision to resolve the representativeness issue (despite OmniVision's position being wrong on the law), and to receive OmniVision's long-overdue core technical document production and documents responsive to our RFPs…" Unfortunately, even despite RE Secured providing amended infringement contentions, OmniVision's technical document production remains long overdue.

Your letter's statement that "OmniVision was diligently working to make the standalone computer available to RE Secured, and it was RE Secured that wrought delays" is also a mischaracterization. OmniVision did not collect and make available technical materials on the standalone computer until May 12, 2025—*over eight months* after OmniVision was obligated to produce technical discovery for its accused products under the Scheduling Order (D.I. 34 at ¶ 6(c)). *See* 5/12/25 Email from K. Lynch to C. Gerson ("OmniVision confirms it has collected technical discovery materials for inspection via a secure source code computer" and asking for RE Secured's expert's availability to review). As the Scheduling Order states, and OmniVision knows, OmniVision had an obligation to produce "core technical documents," including "non-publicly available operation manuals, product literature, schematics, and specifications" by September 3, 2024. And OmniVision is well aware that its production of certain "datasheets," some of which are publicly available, does not fulfill OmniVision's technical discovery obligations under the Scheduling Order despite the suggestion in your letter that it does. 7/3/25 Ltr. at 2. However, it was not until after RE Secured served its updated preliminary infringement contentions on May 7, 2025, that OmniVision stated that it had collected technical discovery materials for inspection. 5/12/25 Email from K. Lynch to C. Gerson ("We are in receipt of the letter from Christopher Gerson to David Bluestone, dated May 7, 2025 [re service of the updated preliminary infringement contentions]" and proposing to meet and confer after the parties' joint claim construction brief due on May 14, 2025). Mr. Gerson then responded on May 19, 2025, stating that he was working to find out the availability of RE Secured's expert to review the technical discovery materials. 5/19/2025 Email from C. Gerson to K. Lynch. Mr.



Kathleen M. Lynch
July 18, 2025
Page 4

Gerson then met with counsel for OmniVision on May 23, 2025, for the purpose of discussing RE Secured's expert viewing the source code computer, just over a week after the parties' joint claim construction brief was due.

OmniVision's allegation that there was some agreement reached between Mr. Gerson and Mr. Bluestone during the May 23, 2025, meet-and-confer on what subset of products OmniVision would make available for RE Secured's review is surprising. As Mr. Gerson confirmed with Ms. Lynch prior to the discussion, the May 23rd meet-and-confer was a discussion about logistics—*not* a formal meet-and-confer regarding substance. 5/22/25 Email from C. Gerson to K. Lynch ("Just to make sure we're on the same page, you are not requesting a formal meet and confer about an issue that would require Delaware counsel, correct? My understanding is we're primarily discussing logistics for reviewing materials OmniVision is making available for inspection…"); *see also* 5/22/25 Email from K. Lynch to C. Gerson (confirming that OmniVision is "not requesting a formal meet and confer. We would like to discuss logistics to coordinate your expert's ability to view OmniVision's standalone computer"). Further, it is surprising that OmniVision believes Mr. Gerson was somehow obligated to make a "complaint about the contents of the standalone computer" during the meeting despite OmniVision's representation that it provided a high-level description of "the types of files on the computer … and … which products the files on the computer covered" (7/3/25 Ltr. 3)—that is not nearly enough specificity with which to make a complaint without actually reviewing the technical materials. Further, while there was discussion regarding RE Secured being amenable to a staged production of a few exemplary products for review on OmniVision's standalone computer to advance the ball, there was never a waiver of the right to seek discovery on all accused products.

Even as to the four products that OmniVision did produce technical documents for on the standalone computer (OV24A10, OV5640, OV7950, and OV9650B),[2] that production remains deficient. RE Secured outlined those deficiencies in detail in its prior letter of June 26, 2025 (at page 2), and OmniVision did not address those deficiencies in its responsive letter of July 3, 2025. Nor has OmniVision corrected the deficiencies. RE Secured reiterates its prior complaints as to the OV24A10, OV5640, OV7950, and OV9650B, as OmniVision's deficient production continues to prejudice RE Secured.

RE Secured has sought to work with OmniVision to move the case forward, but it cannot do so unless it receives OmniVision's technical discovery on either: (1) agreed representative products; or (2) all accused products. Absent agreement on the former, please confirm that OmniVision will

---

[2] Moreover, RE Secured notes that the products for which OmniVision made available technical discovery on the standalone computer (OV24A10, OV5640, OV7950, and OV9650B) do not even align with the products that RE Secured has charted in its infringement contentions (OV5640, OV24A10, and OV9656), despite OmniVision's previous offer to do so. *See, e.g.*, 2/10/25 Letter from D. Bluestone to C. Gerson ("[W]e are willing to provide discovery on the three products that were charted"). OmniVision's choice to produce technical discovery for different products than those charted belies its assertions that it cannot produce technical discovery for other products, nor assess representativeness across products.



Kathleen M. Lynch
July 18, 2025
Page 5

remedy its technical deficiencies and fulfill its discovery obligations for the latter, *i.e.*, on *all* accused products. *See* 6/26/25 Letter from A. Sewanan to D. Bluestone. Otherwise, RE Secured will move to compel OmniVision on its remaining accused products and technical discovery materials. Please let us know your availability to meet and confer during the week of July 21, 2025.

       Thank you for your continued attention to this matter.


Sincerely,

*/s/ Amanda Sewanan*


Amanda Sewanan

cc: Counsel of record

# Exhibit 31

# KASOWITZ LLP

Robert S. Pickens
Direct Dial: (212) 506-1718
Direct Fax: (212) 500-3402
RPickens@kasowitz.com

1633 BROADWAY
NEW YORK, NEW YORK 10019
(212) 506-1700
FAX: (212) 506-1800

Atlanta
Boulder
Houston
Los Angeles
Miami
Newark
San Francisco
Washington DC

September 12, 2025

**VIA EMAIL**

David Bluestone
Benesch, Friedlander, Coplan & Aronoff LLP
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606-4637
dbluestone@beneschlaw.com

> Re:  *OmniVision Technologies, Inc. v. RE Secured Networks, LLC*,
> C.A. No. 24-187-JLH-CJB

Counsel:

We write in response to your email of September 10, 2025, and in further regard to the status of OmniVision's technical discovery.

Initially, regarding the GDS files OmniVision previously agreed to produce and which are not functioning properly, we have raised this issue with OmniVision on multiple occasions and it is concerning that OmniVision apparently has not investigated this issue or sought to rectify it. Specifically, Ms. Sewanan wrote to OmniVision on June 26, 2025, and explained:

> For the OV7950 product, OmniVision made the following incomplete GDS file available that merely shows ███████████████████████████████
>
> ████████████████████████████████████████████████
>
> RE Secured cannot properly conduct its review of OmniVision's Process Material without the full schematic GDS file, including the hierarchy of objects in the shape of various polygons and assigned colors or layer numbers to indicate, *e.g.,* to a manufacturer, a pattern that should be printed on each given layer.

We subsequently re-raised this issue on July 18, 2025 (letter from A. Sewanan at P. 4, noting that OmniVision had not "corrected the deficiencies" previously identified), July 28, 2025, and in my correspondence of September 9, 2025. Please confirm that OmniVision will

K ASOWITZ LLP

September 12, 2025
Page 2

investigate and rectify this issue promptly. Arranging for RE Secured's experts to travel to and inspect OmniVision's process information is a significant burden and we raised this issue with OmniVision multiple times prior to our latest inspection.

Second, regarding our request for the production of information mapping the GDS-II layer numbers in the produced GDS files to the mask layer names given in the produced process flow documents, we appreciate your willingness to discuss this and we are willing to work with you all to find a way to produce this information in an efficient manner, as you suggest.

Third, as to our request that OmniVision complete its production of technical discovery, OmniVision is in receipt of our amended infringement contentions now. These contentions incorporate all of the process materials, source code, and circuit schematics for the limited subset of Accused Products that OmniVision has produced to date. These contentions also provide product-by-product allegations for every single other Accused Product which rely on the non-process materials OmniVision has made available to date, and which address representativeness and infringement.

The result is that OmniVision's reliance on case law concerning representativeness to evade its discovery obligations is inapposite at this juncture. To the extent that OmniVision intends to challenge the sufficiency of RE Secured's contentions as to any portion of the complete universe of Accused Products, OmniVision cannot simultaneously withhold discovery as to those very same products.

We are happy to confer with OmniVision to determine if there is an efficient approach to providing complete discovery, but absent an agreement we do intend to request relief from the Court consistent with the above—*i.e.*, that OmniVision be compelled to provide complete technical discovery with respect to any product for which it intends to challenge the sufficiency of RE Secured's allegations of infringement and representativeness.

Please let us know when you are available to meet and confer regarding this matter on Monday or Tuesday of next week. We are available Monday from 12-4 pm ET and Tuesday 12-1 pm and after 2 pm ET. We can be available to discuss the matters raised in your September 10, 2025, email as well.

Sincerely,

Robert S. Pickens

# Exhibit 32

# KASOWITZ LLP

1633 BROADWAY
NEW YORK, NEW YORK 10019
(212) 506-1700
FAX: (212) 506-1800

ROBERT S. PICKENS
DIRECT DIAL: (212) 506-1718
DIRECT FAX: (212) 500-3402
RPickens@kasowitz.com

ATLANTA
BOULDER
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
WASHINGTON DC

September 19, 2025

**VIA EMAIL**

David Bluestone
Benesch, Friedlander, Coplan & Aronoff LLP
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606-4637
dbluestone@beneschlaw.com

Re:     *OmniVision Technologies, Inc. v. RE Secured Networks, LLC*,
C.A. No. 24-187-JLH-CJB

OmniVision Counsel:

We write further to my email of September 18, 2025, and in regard to the Parties' meet and confer of September 17, 2025, as to RE Secured's requests for technical discovery.

As previously discussed, based on the Parties' meet and confer, we understand that OmniVision objects (in part) to the further production of technical discovery on the basis that the universe of Accused Products is significant, including more than 100 products at present.

We previously offered to consider any number of representative products that OmniVision identifies, and we remain willing to agree on a representative set of products, if OmniVision is willing to propose one.  We also explained that RE Secured already provided a complete set of representativeness theories in its contentions for every Accused Product based on all discovery provided by OmniVision to date.

Regardless, as OmniVision requested, and in order to address OmniVision's burden objection, RE Secured is willing to make two proposals (based on its understandings to date): (1) RE Secured will reduce the total number of Accused Products for which it is seeking further discovery from over 125 products to the 33 products reflected below; and (2) RE Secured further proposes that the Parties agree to representativeness in the manner reflected below.

KASOWITZ LLP

September 19, 2025
Page 2

1. **With Respect to Accused Products**:

For the '671, '274, and '145 Patents, RE Secured intends to seek complete production of technical discovery[1] for the following products, to the extent that OmniVision intends to contest the sufficiency of RE Secured's infringement theories as to the same:

OH02A10, OH02B10, OH0FA10, OS04A10, OS05A20, OS08A10, OS08A20, OV05C10, OV10640, OV10642, OV10650, OV10652, OV2740, OV2775, OV4689, OV5640, OV6946/OVM6946, OV6948, OV8865, OV9716, OX01D10, OX01E20, OX01F10, OX03A10, OX03C10, OX03F10, and OX08B40

For the '651 Patent, in addition to the products above, RE Secured intends additionally to seek complete production of technical discovery for the following products: OV7955, OV10635, OV10626, OV7957, OV9656, and OH01A10.[2]

As is reflected in the Parties' repeated correspondence on this matter, all of these materials should have already been produced by OmniVision some time ago.

2. **With Respect to Representativeness for the '671, '274, and '145 Patents**:

With respect to representativeness for the '671, '274, and '145 Patents, as is explained in RE Secured's infringement contentions, based on the limited discovery produced to date by OmniVision for these products along with publicly available information, RE Secured contends that each Accused Product contains materially the same functionality for the purposes of infringement, *i.e.*, containing similar arrangements of the relevant hardware and relying on similar technologies (as is explained in RE Secured's infringement contentions).

For example, numerous of the accused products use OmniVision's PureCel®Plus stacked die architecture,[3] and accordingly RE Secured proposes that the Parties stipulate that the OV24A (which uses the same technology) is representative of such products.

Additionally, numerous of the accused products use OmniVision's OmniBSI™ technology,[4] and accordingly RE Secured would suggest that the Parties stipulate that the OV5640 (which uses the same technology) is representative of such products.

---

[1] Including, *i.e.*, process flow materials (e.g., OV-HSPI-RESN0000036), GDS files, circuit diagrams (e.g., OV-RESN00054723), processing flow specifications (e.g., OV-RESN00059997), source code (e.g., OV-HSPI-RESN0000001-9), and full size datasheets (e.g., OV-RESN00001733).
[2] In addition to complete discovery with respect to the OV24A, the OV5640, and the OV9650.
[3] Including, *e.g.*, those identified on pages 9-15 of RE Secured's Second Amended Infringement Contentions, as well as the OX01F10, OX01E20, OS08A20, and OS05A20.
[4] Including, *e.g.*, OV10640, OV10642, OVM6946, OV10650, OV10652, OV9716, OX03A10, OV2775, OX01D10, OV6946, OV4689, OV6948, OV8865, OV5640.

KASOWITZ LLP

September 19, 2025
Page 3

Moreover, with respect to the '671 Patent, once OmniVision identifies the full list of
products that utilize multiple voltages applied to the transfer gate of the pixel (*e.g.,* NVDD1,
NVDD2, NVDD3, and/or VDD), as is requested by RE Secured's outstanding Interrogatory No.
22, RE Secured expects it may be able to further limit the set of Accused Products for that patent.

3.   **With Respect to Representativeness for the '651 Patent**:

With respect to representativeness for the '651 Patent, based on the discovery received
and RE Secured's analysis to date, each of the Accused Products include image sensors that have
pixel arrays in a Bayer pattern.  Moreover, each Accused Product performs color interpolation in
similar ways using similar components, including similar image signal processors and analog-to-
digital converters, and each of the Accused Products provide a processed output for each pixel
through interpolation of R, G, and B values.

As is explained in RE Secured's infringement contentions, and as we confirmed with our
experts, the claimed color interpolation is used in connection with providing functionality such
as generating R, G, and B values for a particular pixel in the image array, as well as denoising,
sharpening, and providing output formats such as YUV, which discovery confirms are present in
the Accused Products.  Moreover, the only image processing algorithm documentation and
source code that OmniVision has provided to date confirms that the Accused Products combine
the four claimed digital signals in performing these processing functionalities.  Similarly,
performing DPC or Defective/Defect Pixel Correction demonstrates that color interpolation has
been performed by the ISP since identifying and compensating for defective pixels will involve
color interpolation.

During the Parties latest meet and confer, we understand that you suggested that
████████████████████████████████████████████████████████████████████
██████████████████████   OmniVision has not provided any discovery to date which confirms that
suggestion, but we encourage OmniVision to provide and identify such discovery such that we
can consider it.

Please confirm either that you will produce the foregoing requested documents for all
requested products or that OmniVision will agree to representativeness as proposed above.
Failing both, please let us know if you are available to further meet and confer before 11am ET
this coming Tuesday.

Sincerely,

Robert S. Pickens

# Exhibit 33

**Archived:** Monday, November 10, 2025 2:11:46 PM
**From:** Robert S. Pickens
**Mail received time:** Tue, 30 Sep 2025 19:40:35
**Sent:** Tue, 30 Sep 2025 19:40:27
**To:** OmniVision24cv187 Lynch, Kathleen
**Cc:** jsiew@ycst.com pkraman@ycst.com agaza@ycst.com Ruggio, Samuel Timothy Gilman Daniel Apgar Amanda Sewanan Bluestone, David
**Subject:** OmniVision Technologies, Inc. v. RE Secured Networks, LLC
**Importance:** Normal
**Sensitivity:** None

---

OmniVision Counsel,

I am writing to follow up on our September 26, 2025, meet-and-confer and regarding OmniVision's production of additional GDS files.

Based on our discussion during the meet-and-confer and the Parties' follow up correspondence, we understand that OmniVision will be making 20 additional GDS files available for review this week. We further understand that OmniVision intends to identify how the 20 additional GDS files correspond to each of the 33 Accused Products that RE Secured identified and requested further discovery as to in my September 19, 2025, letter. In addition to the GDS files, we further understand that OmniVision will be making additional process flow information available for these products, as well as related mapping information.

Please confirm that our understanding above is correct, and please let us know when OmniVision can make these files available for review.

Regarding OmniVision's offered dates for Mr. Venezia's deposition, given the timing of OmniVision's forthcoming production, please let us know Mr. Venezia's availability in the latter half of October, such that RE Secured's experts will have an opportunity to review and print any new materials in advance thereof.

With respect to the '651 Patent, please confirm that OmniVision will also provide technical discovery for the products addressed in my September 19 letter, including image processing algorithms and related source code.

Additionally, as discussed on our call, please confirm OmniVision will supplement its responses to RE Secured's Interrogatories, including at least Nos. 9, 15, and 18 prior to the upcoming depositions to include responsive information for each of the products addressed in my September 19 letter.

Lastly, regarding the mapping information that OmniVision recently produced (OV-RESN00062784-85), we note that the names in the first column of the mapping information do not appear to match the names found in the "stage" column of the produced process flow information. Please let us know if there is any further information OmniVision can provide to resolve this issue. For example, can OmniVision let us know which rows in the produced process flow tables correspond to each of the rows produced in the mapping information?

Thank you,

Robert Pickens

Robert S. Pickens

Kasowitz LLP
1633 Broadway
New York, New York 10019
Tel.  (212) 506-1718
Fax.  (212) 500-3402
RPickens@kasowitz.com

# Exhibit 34

**Archived:** Monday, November 10, 2025 2:11:53 PM
**From:** Robert S. Pickens
**Mail received time:** Fri, 3 Oct 2025 11:01:10
**Sent:** Fri, 3 Oct 2025 11:01:10
**To:** Bluestone, David  OmniVision24cv187
**Cc:** jsiew@ycst.com  pkraman@ycst.com  agaza@ycst.com  Ruggio, Samuel  Lynch, Kathleen  Timothy Gilman  Daniel Apgar  Amanda Sewanan
**Subject:** RE: OmniVision Technologies, Inc. v. RE Secured Networks, LLC
**Importance:** Normal
**Sensitivity:** None

---

David,

Thank you for confirming that additional GDS files have been made available, and we appreciate you all working to make the rest of the requested discovery available expeditiously.

Given that OmniVision previously indicated it would be producing files for an additional 20 products, could you please confirm that OmniVision will be producing files for more than the 8 products listed in your email below, and please let us know for which additional products OmniVision will be producing such files?  And, as discussed previously, please also let us know how the newly produced GDS files correspond to the full list of 33 Accused Products that RE Secured requested further discovery as to in my September 19, 2025, letter.

Regarding the standalone computer, we have now arranged for RE Secured's experts to review the computer on October 7, 8, and 13.  Given the time and expense involved in sending RE Secured's experts to review these materials, please confirm that the full extent of supplemental GDS files, as well as information regarding their correspondence to the 33 products originally requested will be provided prior to Mr. Hebert's arrival on October 7.

In addition to GDS files, please also confirm that OmniVision will have made available corresponding process flow information and mapping information between the GDS layers and process flow steps for each product on the standalone computer in advance of Mr. Hebert's arrival.  Absent such information, RE Secured and its experts will be unable to effectively review the GDS files on the standalone computer, and we may need to reschedule our experts' review.

Please also confirm that we will be receiving any additional technical discovery regarding these products not previously produced (e.g., circuit diagrams, image processing algorithm documentation, etc.), as well as well as image processing source code related to color interpolation.

As to Mr. Venezia, please let us know when Mr. Venezia will be returning from his trip.  Given the timing of OmniVision's forthcoming production, RE Secured needs to be given an opportunity to analyze, print, and review the yet-to-be produced technical materials well in advance of any such deposition.  Alternatively, to the extent that Mr. Venezia's deposition goes forward on OmniVision's preferred date, please confirm that OmniVision will be designating a different 30(b)(6) witness on any technical topics that it intended to have Mr. Venezia cover.

Thank you,

Robert Pickens

**From:** Bluestone, David <DBluestone@beneschlaw.com>
**Sent:** Wednesday, October 1, 2025 5:53 PM
**To:** Robert S. Pickens <RPickens@kasowitz.com>; OmniVision24cv187 <OmniVision24cv187@beneschlaw.com>; Lynch, Kathleen <klynch@beneschlaw.com>
**Cc:** jsiew@ycst.com; pkraman@ycst.com; agaza@ycst.com; Ruggio, Samuel <SRuggio@beneschlaw.com>; Timothy Gilman <Tgilman@kasowitz.com>; Daniel Apgar <DApgar@kasowitz.com>; Amanda Sewanan <ASewanan@kasowitz.com>
**Subject:** Re: OmniVision Technologies, Inc. v. RE Secured Networks, LLC

---

**ALERT: THIS IS AN EXTERNAL EMAIL. DO NOT CLICK ON ANY LINK, ENTER A PASSWORD, OR OPEN AN ATTACHMENT UNLESS YOU KNOW THAT THE MESSAGE CAME FROM A SAFE EMAIL ADDRESS.**

---

Hi Rob,

I will get back to you on much of this list, but in the meantime, Mr. Venezia is not available on other dates as he will be out of the country.

We have additional GDS files available for review and on a standalone computer for the following list of products that you identified (but for which we still contend are not accused products in the case due to no infringement theory or representativeness basis): OH01A10, OH0FA10, OS02C10, OS08C10, OS12D40, OX01E20, OX03F10, and OX08D10.  I am trying to still track down a list of other items correspond to items in your list, but will have that to you as soon as possible.  In the meantime, you are welcome to schedule an inspection as I stated previously.

Regards,

Dave



David H. Bluestone
Partner | Intellectual Property
Benesch Friedlander Coplan & Aronoff LLP

vCard Bio

t: 312.517.9564 | m: 312.286.7187
DBluestone@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606~-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

---

**From:** Robert S. Pickens <RPickens@kasowitz.com>
**Date:** Tuesday, September 30, 2025 at 6:40 'a0PM
**To:** OmniVision24cv187 <OmniVision24cv187@beneschlaw.com>, Lynch, Kathleen <klynch@beneschlaw.com>
**Cc:** jsiew@ycst.com <jsiew@ycst.com>, pkraman@ycst.com <pkraman@ycst.com>, agaza@ycst.com <agaza@ycst.com>, Ruggio, Samuel <SRuggio@beneschlaw.com>, Timothy Gilman <Tgilman@kasowitz.com>, Daniel Apgar <DApgar@kasowitz.com>, Amanda Sewanan <ASewanan@kasowitz.com>, Bluestone, David <DBluestone@beneschlaw.com>
**Subject:** OmniVision Technologies, Inc. v. RE Secured Networks, LLC

# Exhibit 35

**Archived:** Monday, November 10, 2025 2:11:49 PM
**From:** Robert S. Pickens
**Mail received time:** Tue, 7 Oct 2025 18:24:07
**Sent:** Tue, 7 Oct 2025 18:24:06
**To:** Bluestone, David; OmniVision24cv187; Lynch, Kathleen
**Cc:** jsiew@ycst.com pkraman@ycst.com agaza@ycst.com Ruggio, Samuel; Timothy Gilman; Daniel Apgar; Amanda Sewanan
**Subject:** RE: OmniVision Technologies, Inc. v. RE Secured Networks, LLC
**Importance:** Normal
**Sensitivity:** None

---

David,

We appreciate OmniVision making additional GDS files available on the standalone computer. However, based on our expert Mr. Hebert's review today, we understand that OmniVision has not produced any process flow information for the newly produced GDS files (nor any mapping information), which was previously requested in our prior correspondence.

As such, please let us know the answers to the questions raised in my emails of September 30, 2025 and October 3, 2025, including:

1. 1. When OmniVision expects to make available corresponding process flow information and mapping information between the GDS layers and process flow steps for each product on the standalone computer.
2. 2. How the newly produced GDS files for the 25 products listed in your email below correspond to the list of 33 Accused Products that RE Secured requested further discovery as to in my September 19, 2025, letter.
3. 3. When OmniVision expects to make available additional technical discovery regarding these products not previously produced (e.g., circuit diagrams, image processing algorithm documentation, etc.), as well as image processing source code related to color interpolation.

Understanding OmniVision's position on correspondence between the 25 products with newly produced GDS files identified below and the accused products is important because OmniVision's new list of 25 products: (1) does not include many of the 33 Accused Products for which we requested discovery, and (2) includes many others that were not requested in my September 19, 2025 letter (or which are not accused in this litigation, e.g., the OV12890 and OV23850).

Likewise, the remaining requested discovery is necessary to enable RE Secured and its experts to effectively review the newly produced GDS files on the standalone computer. As OmniVision is aware, sending our experts to review discovery on the standalone computer imposes significant burdens in both expense and time on RE Secured and its experts.

We also understand that the list of products provided in your email does not reflect the files on the computer (e.g., files for the OV64B10 appear to have been provided while files for the OV60B10 appear to have been omitted, similarly there is a folder titled OV50510 but no folder for the OV50K10). Additionally, the folder for the OH01A10 contains no files. When you are able, could you please confirm that the correct files have been produced on the computer?

In addition, as previously requested in my email of September 30, 2025, there are discrepancies between the names that appear in the mapping information for the OV24A and the OV5640 that OmniVision just recently produced (OV-RESN00062784-85) and the previously produced process flow information for those products. There are also discrepancies between the layer numbers that appear in the GDS files and the layer numbering in

the mapping information. As one example, for the OV24A, layer 211 appears in the GDS file, but does not appear in the mapping information. Could you please confirm that OmniVision can provide a complete set of mapping information for the products on the standalone computer?

Thank you,

Robert Pickens

---

**From:** Bluestone, David <DBluestone@beneschlaw.com>
**Sent:** Monday, October 6, 2025 12:51 PM
**To:** Robert S. Pickens <RPickens@kasowitz.com>; OmniVision24cv187 <OmniVision24cv187@beneschlaw.com>; Lynch, Kathleen <klynch@beneschlaw.com>
**Cc:** jsiew@ycst.com; pkraman@ycst.com; agaza@ycst.com; Ruggio, Samuel <SRuggio@beneschlaw.com>; Timothy Gilman <Tgilman@kasowitz.com>; Daniel Apgar <DApgar@kasowitz.com>; Amanda Sewanan <ASewanan@kasowitz.com>
**Subject:** Re: OmniVision Technologies, Inc. v. RE Secured Networks, LLC

---

ALERT: THIS IS AN EXTERNAL EMAIL. DO NOT CLICK ON ANY LINK, ENTER A PASSWORD, OR OPEN AN ATTACHMENT UNLESS YOU KNOW THAT THE MESSAGE CAME FROM A SAFE EMAIL ADDRESS.

---

Dear Rob,

Here is an updated list of the 25 products for which we will have GDS files available on a second standalone computer:

OG0TB10
OG0VA10
OH01A10
OH0FA10
OS02C10
OS08C10
OS12D40
OV12890
OV23850
OV24A10
OV48B10
OV48C10
OV50A10
OV50D10
OV50H10
OV50K10
OV60A10
OV64B10
OX01E10
OX01E20
OX01H10
OX03F10
OX05B10
OX08A10
OX08D10

# Exhibit 36

**Archived:** Monday, November 10, 2025 2:11:57 PM
**From:** Robert S. Pickens
**Mail received time:** Fri, 10 Oct 2025 18:05:11
**Sent:** Fri, 10 Oct 2025 18:05:10
**To:** Cramer, Kristen  Amanda Sewanan  Timothy Gilman  Daniel Apgar  Siew, Jennifer P.  Kraman, Pilar  Gaza, Anne Shea
**Cc:** Baker, Jodi  Bluestone, David  DaMario, Thomas  Hemphill, Carlton  Lynch, Kathleen  McMahon, Charles  Ruggio, Samuel  Watson Moss, Kate
**Subject:** OmniVision Technologies, Inc. v. RE Secured Networks, LLC
**Importance:** Normal
**Sensitivity:** None

---

Counsel,

Thank you for your time on the Parties' meet and confer with regard to RE Secured's request for additional technical discovery and related interrogatory responses.

As conveyed, we continue to request that OmniVision provide complete technical discovery (e.g., GDS files, process flow information, mapping information, circuit diagrams, code and documentation related to color interpolation, and interrogatory responses) for, at a minimum, the 33 Accused Products requested in our letter of September 19, 2025. While we appreciate OmniVision's recent production of GDS files for approximately 25 additional products, we understand that OmniVision's choice of products was driven by which GDS files were already on hand, and not the accusations in this litigation. Moreover, this production of GDS files alone for a self-defined subset of accused products does not address OmniVision's obligation to produce complete discovery for the accused products.

Based on the Parties' call we understand the following:

1. 1. By Monday, OmniVision is going to further analyze our list of 33 products in view of its additional production of GDS files and inform RE Secured of the extent to which the products contained in OmniVision's recent production can be considered representative of the 33 products on our requested list.
2. 2. Within the next week, OmniVision expects to make process flow information and mapping information available for the increased universe of products for which GDS files have been made available. We also request that OmniVision produce circuit diagrams and color interpolation documentation for these products.
3. 3. We also requested that by Monday OmniVision confirm the extent to which it can further agree to produce technical information (as described above and in my prior correspondence) for our list of 33 products (to the extent that any of those 33 products are not represented by the products currently produced on the standalone computer).

RE Secured also specifically requested that OmniVision update its Response to Interrogatory No. 22 to confirm which of the Accused Products utilize multiple voltages applied to the transfer gate of the pixel (█████████ ███████████████████████████ and we request that OmniVision produce circuit diagrams for each such product (or confirm that the existing circuit diagrams are representative of each product identified in Interrogatory No. 22), as conveyed in my correspondence of earlier today.

We continue to be open to resolving this matter without intervention of the Court, but absent agreement, we may need to approach the Court.

Thank you,

Robert Pickens

Robert S. Pickens
Kasowitz LLP
1633 Broadway
New York, New York 10019
Tel.  (212) 506-1718
Fax.  (212) 500-3402
RPickens@kasowitz.com

# Exhibit 37

**Archived:** Monday, November 10, 2025 3:02:39 PM
**From:** Bluestone, David
**Mail received time:** Thu, 6 Nov 2025 22:21:05
**Sent:** Fri, 7 Nov 2025 03:20:42
**To:** Robert S. Pickens  Omnivision v Re Secured Networks (RESN)
**Cc:** OmniVision24cv187  Siew, Jennifer P.  Gaza, Anne Shea  Kraman, Pilar
**Subject:** Re: Case No. 24-187-JLH-CJB: OmniVision Technologies, Inc. v. RE Secured Networks, LLC - Letter Brief Redactions
**Importance:** Normal
**Sensitivity:** None

---

Dear Rob,

Anson Chan is available to testify on topics 14, 15, 20, 23-27, 29-35 on November 18 or 19th.  Does that work for your team?   We may be able do it remotely if travel keeps getting more problematic, but I am not 100% sure about that yet.

We are generally amenable to some extension of expert report dates per your request to the Court, but Dan's proposal is untenably tight for rebuttal experts given the shortened time frame and winter holidays.  I will get back to you tomorrow with a revised proposal.

Regards,

Dave



vCard Bio

David H. Bluestone
Partner | Intellectual Property
Benesch Friedlander Coplan & Aronoff LLP

t: 312.517.9564 | m: 312.286.7187
DBluestone@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606~-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** Robert S. Pickens <RPickens@kasowitz.com>
**Date:** Monday, November 3, 2025 at 1:04 'a0PM
**To:** Robert S. Pickens <RPickens@kasowitz.com>, Omnivision v Re Secured Networks (RESN) <RESecuredNetworks@kasowitz.com>
**Cc:** OmniVision24cv187 <OmniVision24cv187@beneschlaw.com>, Siew, Jennifer P. <JSiew@ycst.com>, Gaza, Anne Shea <agaza@ycst.com>, Kraman, Pilar <PKraman@ycst.com>
**Subject:** FW: Case No. 24-187-JLH-CJB: OmniVision Technologies, Inc. v. RE Secured Networks, LLC - Letter Brief Redactions

Kat,

# Exhibit 38

CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 1

1            IN THE UNITED STATES DISTRICT COURT

2              FOR THE DISTRICT OF DELAWARE

3    OMNIVISION TECHNOLOGIES, INC.,      ) Case No.
                                         ) 1:24-cv-00187-JLH-CJB
4        Plaintiff,                      )
                                         )
5        vs.                             )
                                         )
6    RE SECURED NETWORKS, LLC,           )
                                         )
7        Defendant.                      )
     _____ )

8

9            CONFIDENTIAL - ATTORNEYS EYES ONLY

10      VIDEOTAPED 30(b)(6) DEPOSITION OF VINCENT VENEZIA

11                Santa Clara, California

12               Thursday, October 23, 2025

13

14

15           REPORTED BY: Derek L. Hoagland

16                  CSR No. 13445

17

18

19

20

21

22

23

24

25

CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 73

1    Q.      What -- do you know what OmniVision uses data

2    sheets for?

3    A.      I don't know for sure.  I -- my understanding is

4    they use this to summarize for maybe the -- summarize

5    the product for marketing, maybe some information to the

6    customer, but I don't know for sure.

7    Q.      Is this the type of document that the process

8    integration team typically relies on to perform their

9    responsibilities?

10   A.      No.

11   Q.      And why is that?

12   A.      This looks like it's something generated after

13   the product is ready or in production, and normally we

14   deal with the pixel or the product before production.

15   Q.      Sure.  Do you know if the process integration

16   team provides information regarding to -- regarding the

17   process flow or how the pixel is laid out for

18   incorporation into a document like this?

19   A.      I don't know what we provide in the sense -- I

20   can tell you as a process integration engineer, I never

21   provided a process flow to anybody outside of the

22   process or the -- maybe the production team would never

23   go to -- it would usually never go to marketing or

24   some -- or a customer or something.

25   Q.      Sure.  If we could just brief ly turn to page --

CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 83

1    So -- so within that six-month period, it -- we should

2    have a meeting to review this.

3    Q.    Sure.

4    A.    Yeah.

5    Q.    And do PRD documents include information

6    relating to process flow?

7    A.    Not specific process flow information.  It has

8    information related to the technology, which you can see

9    on page 6, it tells the pixel size.

10   Q.    Sure.

11   A.    The fab, the technology node, and the type of

12   pixel design.  You can see it says 2-by-2 shared pixel.

13   Q.    Mm-hmm.

14   A.    But it wouldn't have, for example, anything

15   about the implant or deposition or process conditions.

16   Q.    Sure.

17        MR. APGAR:  I'm going to mark as our next

18   exhibit Venezia Exhibit 12.

19        (Exhibit No. 12 marked for identification.)

20        MR. APGAR:  And this is a document bearing Bates

21   Number OV-RESN00049790 through 801.

22   BY MR. APGAR:

23   Q.    Do you recognize this document?

24   A.    No.

25   Q.    Do you recognize, if not this specific document,

CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 84

1  but this type of document?

2  A.      I've seen a table like this before.  More

3  recently, in my new position, I would go to meetings

4  sometimes where they discuss and then show a slide like

5  this made marketing.  But I have not actually seen any

6  of the documents.

7  Q.      Sure.  Would a -- does the name MRD as a type of

8  document mean something to you?

9  A.      Yes.

10  Q.      And what is an MRD?

11  A.      Not as a document.  For me, it's a meeting.  I

12  would go to the MRD meeting.

13  Q.      Sure.

14  A.      And it's a meeting where it seems like marketing

15  would make a presentation of some technology or some

16  product we want to have and talk about the market, the

17  customer requirements maybe.  I've only been to a few.

18  Q.      Sure.

19  A.      Since I've been promoted, I now start to attend

20  these.  And I think -- and that's where I would see such

21  a table.

22  Q.      Sure.  So that -- that -- these types of

23  meetings and documents would be unrelated to the

24  specifics of any process flow information for any

25  particular product?

CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 85

1    A.        That's correct.  So let me -- let me just --

2    Q.        Sure?

3    A.        Remember I said -- I said that's correct,

4    meaning I would not ever in the meeting say anything

5    about the process flow.  However, I don't know what's in

6    the document.

7    Q.        Sure.

8    A.        I'm looking through it.

9    Q.        Fair.  Fair.

10   A.        It may include something like a technology note

11   or have something to do with the cost or something like

12   that.

13   Q.        Sure.

14             MR. APGAR:  Okay.  I'm going to mark as our next

15   exhibit Venezia Exhibit 13.

16             (Exhibit No. 13 marked for identification.)

17             MR. APGAR:  And this is the one that doesn't get

18   introduced into the record.  It just gets marked.

19             THE REPORTER:  All right.  One moment.

20             MR. APGAR:  Or sorry.  It gets marked and will

21   be used on the record, but we retain it.  Okay.

22             THE REPORTER:  This is 13?

23             MR. APGAR:  13.  And this is a document bearing

24   Bates range OV-HSPI-RESN0000001 through 58.

25   ///

# Exhibit 39

# KASOWITZ LLP

AMANDA SEWANAN
DIRECT DIAL: (212) 506-1732
DIRECT FAX: (212) 500-3411
ASewanan@kasowitz.com

1633 BROADWAY
NEW YORK, NEW YORK 10019
(212) 506-1700
FAX: (212) 506-1800

ATLANTA
BOULDER
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
WASHINGTON DC

November 10, 2025

**VIA EMAIL**

David H. Bluestone
Benesch, Friedlander, Coplan & Aronoff LLP
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606-4637
dbluestone@beneschlaw.com

Counsel:

We write in response to your letters and emails of November 3, 5, and 6, 2025, and also concerning the sufficiency of OmniVision's document production and collection efforts in light of the recent deposition testimony of OmniVision's witnesses.

Initially, regarding Mr. Ruggio's email of November 5, 2025, and privilege logs in this matter, that email continues a trend of OmniVision misstating the record of the parties' correspondence in this matter. While it is true that OmniVision asked about the production of privilege logs on "September 19, 2025," OmniVision's November 5th email ignores RE Secured's subsequent correspondence asking the parties to agree on the nature and scope of the privilege logs to be exchanged, which the parties are required to confer on pursuant to Section 1.d of the Delaware Default Standard of Discovery. 9/12/25 Ltr. from R. Pickens to D. Bluestone, at 3-4. Mr. Pickens also expressly addressed the exchange date of privilege logs and offered "given that we have not reached agreement at this juncture on the scope of logs, we suggest that parties plan to exchange logs on September 26, 2026, provided we are in accord on the substance and form." *Id.* at 4. RE Secured received no response to Mr. Pickens's proposal as to privilege logs, and thus has understood OmniVision was not agreeing to the exchange of privilege logs required pursuant to Section 1.d.

Second, with respect to the propriety of RE Secured's search and collection of relevant and responsive documents, OmniVision mischaracterizes the record. For example, Ms. Watson Moss asserts accusations that "RESN has failed to preserve, search for, collect, and produce relevant documents in anticipation of and during this litigation." 11/3/25 Ltr. from K. Watson Moss to R. Pickens, at 1. Further, Mr. Ruggio asserts that "[a]s the record reflects, it is clear that

K ASOWITZ LLP

David H. Bluestone
November 10, 2025
Page 2

neither Kasowitz, Pictos, nor RESN properly searched for, collected, and produced relevant and responsive documents…" 11/5/25 Email from S. Ruggio to R. Pickens. All of these allegations are unsupported by the record. As RE Secured has repeatedly confirmed to OmniVision, "RE Secured has produced relevant, non-privileged documents within its possession, custody, or control, located pursuant to a reasonable search and are not otherwise available to OmniVision" in compliance with its discovery obligations under Delaware law, including Section C to the Delaware Default Standard for Discovery. *See* 9/12/25 Ltr. from R. Pickens to D. Bluestone, at 1-3. As we have repeatedly explained, OmniVision's attempts to conflate RE Secured with its predecessors-in-interest and its past third-party consultants are improper.

Moreover, OmniVision has failed to address its own improper search methodology in this case. As one example, OmniVision's recent production of code and technical documents relating to two additional versions of color interpolation functionality for its products raises serious questions as to the sufficiency of OmniVision's document collection efforts in this matter. *See* 10/28/25 Email from D. Bluestone to A. Sewanan (discussing ███████████); 11/4/25 Email from D. Bluestone to D. Apgar (discussing "items relating to an earlier version of the source code").

As to ████████████ no explanation was given as to its untimely production. Regarding the older version of the code, Mr. Bluestone references a recent search of earlier litigation files and alleges that the newly-produced material "was only found by way of an email archive for an attorney who is no longer at the company and which we did not know existed until very recently." *Id.* But Mr. Bluestone does not explain why OmniVision did not conduct a proper search for documents related to the method in which its products perform color interpolation prior to the very end of fact discovery given the centrality of that functionality to the '651 patent. Whether or not the recently produced documents were also produced in an older litigation, a proper search of documents related to OmniVision's color interpolation functionality would have turned up those documents long ago. Nor does OmniVision explain why its previous document collection efforts would not have included a search for such materials relating to OmniVision's involvement in a previous litigation involving the '651 patent. *Id.*

Moreover, as set forth in OmniVision's motion to compel, its own engineers have confirmed that OmniVision has access to circuit diagrams, GDS files, process flow information, and mapping information for its products that OmniVision decided not to collect or produce. *E.g.*, Wang Dep. Tr. at 61:9-22 (███████████████████████ for the pixel? A….Yeah, they d█████████████████████████████ ███████████████████████████ OmniVision did not collect or produce for this case. *Id.* at Wang Dep. Tr. at 223:15-224:5 (█████████████████████████

KASOWITZ LLP

David H. Bluestone
November 10, 2025
Page 3

███████████████████████████████████████████████████

Another example includes that Pictos, a third party to this matter, recently produced a number of items of pre-suit correspondence with Mr. Cleary concerning the asserted patents that were never produced in this litigation by OmniVision, including (as just a few examples):

- 8/4/22 Email from V. Capone to R. Cleary, PICTOSRESN0000001;

- 6/8/22 Email from V. Capone to R. Cleary, PICTOSRESN0000042;

- 6/20/22 Email from G. Ewing to R. Cleary, PICTOSRESN0000044;

- 11/1/21 Email from V. Capone to R. Cleary, PICTOSRESN0000140; and

- 11/30/21 Email from R. Cleary to V. Capone, PICTOSRESN0000168.

Please confirm that OmniVision will rectify its failure to produce these communications, and also produce any other pre-suit correspondence concerning the asserted patents without further delay.

Mr. Cleary also confirmed during his deposition that there are other plainly relevant documents in OmniVision's possession, custody, and control that have still not been produced. For example, Mr. Cleary was aware that an OmniVision witness had been deposed in prior litigations concerning the asserted patents, and OmniVision appears to have made productions in those prior litigations. Cleary Dep. Tr. dated 10/24/25, at 81:21-82:3 ("Q: Did OmniVision receive a subpoena in connection with [the *Imperium (IP) Holdings v. Apple* litigation]? A. I believe so. Q. Did OmniVision respond to that subpoena? A. Yes. Q. Did OmniVision produce a witness in response to that subpoena? A. I believe so, yes."). But OmniVision has not produced such documents in connection with this matter. Please confirm that OmniVision will search for and produce these documents without further delay.

If anything, the representative examples highlighted above underscore that OmniVision's improper search methods have resulted in RE Secured not having all relevant and non-privileged documents that OmniVision was obligated to produce long ago. And the record of discovery demonstrates that OmniVision's search and production has failed to locate or produce numerous relevant documents to the prejudice of RE Secured.

OmniVision's dilatory approach to discovery in this matter is further evidenced by its recent decision to finally offer a deposition date for Mr. Anson Chan—weeks after the close of fact discovery without justification or prior consent from RE Secured or the Court. Fact discovery closed in this case on November 3. On November 6, OmniVision offered Anson Chan for deposition in this case for the first time on either November 18th or 19th. Opening expert

K ASOWITZ LLP

David H. Bluestone
November 10, 2025
Page 4

reports are currently scheduled to be served on November 20. OmniVision's unilateral decision to offer one of its witnesses, who is designated on fifteen 30(b)(6) topics, weeks after the close of fact discovery, evidences OmniVision's failure to take its discovery obligations in this case seriously.

Next, with respect to OmniVision's assertions that RE Secured inserted improper speaking objections during depositions, please note that OmniVision defended depositions before RE Secured in this case and took the opposite position from what it is now claiming as improper. Specifically, in the depositions of Ms. Rui (Ruby) Wang and Mr. Vincent Venezia, Mr. Bluestone made extensive, long-form speaking objections throughout each deposition. *See, e.g.*:

- Wang Dep. Tr. dated 10/22/25, at 218:5-11 ("Mr. Bluestone: Just note for the record, we have objections to this and object to the line of questioning about non-infringing alternatives as calling for a legal conclusion and calling for expert testimony. The witness can answer the question with respect to what changes she would know as a designer…");

- *id.* at 219:6-10 ("Mr. Bluestone: Same objections. Before, we have objected to the scope of this request, and to the extent it's trying to get the witness to talk about what is or isn't infringing is improper. She can talk about what changes may or may not have been made.");

- *id.* at 221:13-16 ("Mr. Bluestone: Same objections. This witness has already testified she hasn't looked at the claims. She is a technical witness to talk about how the devices operate.");

- *see also* Venezia Dep. Tr. dated 10/23/25, at 12:14-18 ("Mr. Bluestone: I object to the form on that, and just note that there's objections to that topic and that his testimony would be limited to technical operations, and that we have disputes concerning accused products and accused features.");

- *id.* at 22:21-23:2 ("Mr. Bluestone: And I will just note…our objection, the same objection that happened yesterday that, you know, non-infringing alternatives calls for expert testimony. He can talk about technical changes and alternatives that may be in the works, but not talk about what's infringing or not infringing."); and

- *id.* at 61:15-16 ("Mr. Bluestone: Object to form. He already testified he doesn't remember the exact dates.").

The rules OmniVision seeks to apply in this litigation apply equally to itself.

# Kasowitz llp

David H. Bluestone
November 10, 2025
Page 5


With regard to Mr. Bluestone's letter regarding TechInsights images included in various correspondence and charts between the parties and past patent owners, at the outset, it remains unclear to RE Secured whether OmniVision is asserting that any of the actual underlying scan imagery in any of these charts actually differs, aside from watermarking or annotation. To the extent that OmniVision is not asserting that there are any such differences, it is unclear what the ambit of OmniVision's further requests are. Based on our review of the relevant images, we understand the underlying scan imagery to be the same:





E.D. Tex. 2:23-cv-212


As to the lines not included in the iteration of this image in RE Secured's infringement contentions, we have further investigated this matter based on your letter and presently understand that those annotations were overlaid on the image in connection with the preparation of infringement charts by RE Secured's former third-party consultants (including Mr. Diaz Morales), charts which we understand to be privileged. To the extent that the parties agree to exchange privilege logs, a matter which we have raised several times previously, any related document will be included on that privilege log.

Sincerely,


Amanda Sewanan

cc:    Counsel of Record

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 10, 2025, a copy of the foregoing document was served on the counsel listed below in the manner indicated:

**BY EMAIL**

Steven J. Fineman
Kelly E. Farnan
Sara M. Metzler
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
fineman@rlf.com
farnan@rlf.com
metzler@rlf.com

Kristen Healey Cramer
Noelle B. Torrice
BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP
1313 North Market Street, Suite 1201
Wilmington, DE 19801
kcramer@beneschlaw.com
ntorrice@beneschlaw.com

*Attorneys for Plaintiff OmniVision Technologies, Inc.*

David H. Bluestone
Samuel J. Ruggio
Charles M. McMahon
Thomas M. DaMario
Carlton J. Hemphill
Kathleen Lynch
Kathleen Watson Moss
BENESCH FRIEDLANDER COPLAN &
ARONOFF LLP
71 S. Wacker Drive, Suite 1600
Chicago, IL 60606
dbluestone@beneschlaw.com
sruggio@beneschlaw.com
cmcmahon@beneschlaw.com
tdamario@beneschlaw.com
chemphill@beneschlaw.com
klynch@beneschlaw.com
kwatsonmoss@beneschlaw.com

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

*/s/ Jennifer P. Siew*

Anne Shea Gaza (No. 4093)
Pilar G. Kraman (No. 5199)
Jennifer P. Siew (No. 7114)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
pkraman@ycst.com
jsiew@ycst.com

*Attorneys for Defendant RE Secured Networks, LLC*