# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OMNIVISION TECHNOLOGIES, INC.<br><br>Plaintiff,<br><br>v<br><br>RE SECURED NETWORKS, LLC<br><br>Defendant. | Case No. 1:24-cv-00187-JLH-CJB |

## OMNIVISION'S RESPONSIVE LETTER TO THE HONORABLE CHRISTOPHER J. BURKE REGARDING DISCOVERY DISPUTES RAISED BY RESN

BENESCH FRIEDLANDER COPLAN & ARONOFF LLP

Kristen Healey Cramer (No. 4512)
1313 North Market Street, Suite 1201
Wilmington, DE 19801
(302) 442-7010
kcramer@beneschlaw.com

David H. Bluestone
Charles M. McMahon
Kate Watson Moss
Samuel J. Ruggio
Thomas M. DaMario
Kathleen M. Lynch
Carlton J Hemphill
71 S. Wacker Drive, Suite 1600
Chicago, IL 60606
dbluestone@beneschlaw.com
cmcmahon@beneschlaw.com
kwatsonmoss@beneschlaw.com
sruggio@beneschlaw.com
tdamario@beneschlaw.com
klynch@beneschlaw.com
chemphill@beneschlaw.com

Dated: November 3, 2025

Dear Judge Burke:

OmniVision ("OVT") herein responds to RE Secured Network's ("RESN's") Letter to the Court (D.I. 156).[1] RESN is not entitled to highly sensitive trade secret information or sales data for uncharted products absent a representativeness theory. RESN has not explained why at the close of fact discovery and after the service of its Final Infringement Contentions, disclosure of trade secret information for its set of 33 uncharted products is proportional to the needs of the case.[2]

GDS files and process flows are the most highly sensitive trade secret information that the company owns. (OV_Ex. 23 at ¶ 4.) GDS files are also highly burdensome to collect and make available for inspection. (*Id.* at ¶¶ 5–8.) They are extremely valuable and must be protected. (*Id.* at ¶ 4.) Requiring OVT to produce its crown jewels without a representativeness theory, or even a plausible infringement theory, is inconsistent with the Federal Rules and those of this Court.

**RESN Failed to Comply with the Court's Scheduling Order or Diligently Pursue Discovery**

RESN has been on notice for ***eleven months*** concerning its failure to comply with paragraph 6(b) of the Court's Scheduling Order and well-established case law obligating RESN to provide a "claim chart relating *each* known accused product to the asserted claims *each* such product allegedly infringes." (D.I. 35 at ¶ 6(d); *see also* OV_Ex. 18; *TexasLDPC Inc. v. Broadcom Inc.*, 2022 WL 19406566, *1 (D. Del. Aug. 4, 2022); *Pers. Audio, LLC v. Google LLC*, No. CV 17-1751-CFC-CJB, 2018 WL 11656746, *2 (D. Del. Nov. 15, 2018).) Correspondence between the parties repeatedly addresses RESN's deficiencies and the need for a representativeness theory for uncharted products. (OV_Exs. 17–21.) RESN never sought any relief from the Court despite being fully aware of its deficiencies and OVT's position or truly attempt to establish representativeness.

RESN failed to meet its 6(b) obligations by the November 5, 2024 deadline and remains deficient a year later. RESN served substantively empty Preliminary Infringement Contentions for the purported points of novelty in the claims. Instead of charting products, RESN merely provided a laundry list of over two hundred product numbers. (OV_Exs. 17–20; OV_Ex. 22 at ¶¶ 25–26; OV_Ex. 26 at 2–14; OV_Ex. 27 at 1, n.1; OV_Ex. 28 at 1, n.1.) RESN even listed a whole category of products that are not even image sensors. (OV_Ex. 29 at 3.)

**OVT Complied with Its Discovery Obligations as Set Forth by the Court**

OmniVision did not limit discovery to only the three products that RESN partially charted. On September 3, 2024, OVT complied fully with paragraph 6(c) of the Scheduling Order, producing over 50,000 pages of highly confidential, technical materials including over 174 product specifications (each well over a hundred of pages), as well as the internal documents used to show

---

[1] Exhibits previously submitted by OVT are cited as "OV_Ex." Newly provided exhibits are cited also using "OV_Ex." and are attached hereto, along with the Index of Exhibits.
[2] Even RESN's specious representativeness charts in its Final Infringement Contentions only circle red boxes in block diagrams of purely generic features that have nothing to do with the purported points of novelty in the claims. (OV_Ex. 22 at ¶¶ 33, 36; OV_Ex. 24 (Apx. F); OV_Ex. 25 (Apx. H). Completely absent is any plausible analysis of the specialized transfer-gate-related structures required by the '145 and '274 patents. (*See, e.g.*, OV_Ex. 22 at ¶¶ 30–32, 34–35). These are the only two patents for which doping information is pertinent. (OV_Ex. 22 at ¶ 37.)

the functions and features as part of new product development. (OV_Ex. 17 at 1–2.) OVT provided two senior technical OVT witnesses for deposition, each with two decades of experience at OVT to answer questions about the transfer gate and surrounding area doping ('145 and '274 patents) and voltage applied to the transfer gate ('671 patent) for the charted products and to answer questions about *other* OVT products. (OV_Ex. 30 at 7:2-19, 33:12–36:07; OV_Ex. 31 at 16:22–17:02, 23:15-22, 35:22–36:19.) RESN declined to ask foundational questions that could address (and refute) infringement of these patents for any of OVT's products—OmniVision's counsel had to do it instead. (OV_Ex. 30 at 194:10-21; OV_Ex. 31 at 233:10-22.)

Instead of addressing its obligations under the Court's Scheduling Order, RESN instead casts aspersions on OVT for moving to strike infringement contentions in other cases. Indeed, RESN's Infringement Contentions are baseless. (OV_Ex. 22 at ¶¶ 25–36.) Yet here, OVT took the high road, agreeing to accept the partially charted products (OV24A, OV9650, and OV5640) as the accused products in the case and making available GDS files and process flow information for these products. OVT attempted a resolution by which OVT would provide additional information and RESN would supplement its deficient contentions and provide a representativeness theory, but RESN did not abide by the agreement. (OV_Ex. 17.) RESN's purported technical expert witness, Dr. Carley, only reviewed the Highly Sensitive Trade Secret Materials made available for inspection during fact discovery on two occasions. (OV_Ex. 23 at ¶ 9.)

Because of the approaching close to fact discovery, OVT made available the 25 GDS files that were readily obtainable, and has subsequently gathered and made available companion process flows, so that RESN can further confirm that OVT would not have the specialized transfer gate and "plurality of p-type regions" of the '145 and '274 patents (the only patents for which these materials could be relevant). RESN has never provided the Court with any guidance as to what it expects to find or why it would likely be in the 33 OVT products.

Regarding depositions, there is no issue regarding providing witnesses on topics. RESN's assertion that witnesses were not prepared is false as noted above. Moreover, OVT's deponents say that the company's most sensitive trade secret information and schematics were "readily accessible," as RESN asserts, suggesting that it is easily made available for production; the testimony is simply that certain individuals can access certain information. (OV_Ex. 30 at 23:19-25; OV_Ex. 31 at 98:7-10; 109:14-24)

**Disclosing Trade Secret Information is Not Proportional to the Needs of the Case**

RESN seeks OVT's most sensitive trade secret information, but refuses to produce the underlying third-party reverse engineering analysis on the OV24A from which it provides limited snippets, which themselves show RESN's charted assertions to be groundless. (OV_Ex. 22 at ¶¶ 31, 35.) Meanwhile, recent depositions have shown the RESN never made any legitimate effort to collect responsive documents in this case. (OV_Ex. 32 at 234:14–18, 235:10–236:3, 236:24–25, 238:6–239:24, 240:8–16; OV_EX. 33.) And particularly troublesome, OVT recently learned that during pre-suit discussions, RESN's agent misrepresented to OVT that he and Mr. Spangenberg were contractually bound to maintain confidentiality, allowing them to view sensitive OVT materials pursuant to the parties' non-disclosure agreement. (OV_Ex. 5 at OV-RESN00054841; OV_Ex. 32 at 94:22–95:10) ; OV_Ex. 33.)

2

                                      Respectfully submitted,

                                      */s/ Kristen Healey Cramer*

                                      Kristen Healey Cramer (#4512)

cc: All Counsel of Record (by email with Exhibits)