**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

OMNIVISION TECHNOLOGIES, INC.,

Plaintiff,

v.

RE SECURED NETWORKS, LLC,

Defendant.

C.A. No. 24-187-JLH-CJB

## ORDER

At Wilmington this 23rd day of March, 2026;

WHEREAS, on May 14, 2025, the parties submitted Motions for Claim Construction and a Joint Claim Construction Brief (D.I. 87, 89, 91);

WHEREAS, on January 12, 2026, Magistrate Judge Burke issued a two-part Report and Recommendation ("R&R") (D.I. 195, 196) recommending that the Court adopt certain claim constructions for the disputed terms in U.S. Patent Nos. 7,323,671 (the "'671 patent"), 7,800,145 (the "'145 patent"), and 7,495,274 (the "'274 patent");

WHEREAS, independent claim 1 of the '671 patent provides:

> 1. **An image sensor integrated circuit**, comprising:
> a plurality of photodetectors generating electrons excited by incident photons;
> a plurality of nodes, wherein each of the plurality of photodetectors has a corresponding node of the plurality of nodes;
> a plurality of transfer devices controlling a transfer of the electrons from said each of the plurality of photodetectors to the corresponding node, the transfer depending on a control signal applied to the plurality of transfer devices;
> a plurality of reset devices, wherein each of the plurality of nodes has a corresponding reset device of the plurality of reset devices, and said each of the plurality of nodes is reset when the corresponding reset device is active;
> row and column circuitry;

a plurality of signal devices coupling the plurality of nodes to the
row and column circuitry; and
variable voltage circuitry including a voltage selector determining a
control voltage of the control signal applied to the plurality
of transfer devices;

WHEREAS, independent claim 1 of the '145 patent and independent claim 1 of the '274 patent have a similar structure, namely, "An image sensor integrated circuit, comprising: [a list of elements]";

WHEREAS, the first part of the R&R concluded that the preamble term—"[a]n image sensor integrated circuit"—is limiting (D.I. 195);

WHEREAS, no party objected to the R&R's determination that the preamble is limiting, and I agree that it is for the reasons set forth in the R&R;

WHEREAS, the second part of the R&R construed "[a]n image sensor integrated circuit" to mean "an image sensor fabricated on one or more integrated circuits" (D.I. 196);

WHEREAS, Plaintiff has objected to the R&R's proposed construction of "[a]n image sensor integrated circuit" insofar as the Court's construction means that the claim could be infringed by a product that contains multiple image sensor integrated circuits, none of which individually have all of the claim elements;

WHEREAS, the Court has considered Plaintiff's Objection and Defendant's Response *de novo*, *see* 28 U.S.C. § 636(b)(l)(C); Fed. R. Civ. P. 72(b)(3);

WHEREAS, the parties' briefing and argument to Judge Burke was confusing and did not present the issue in the same way it is now presented to me;

WHEREAS, no one disputes that (1) the claim can be infringed by a product that has one or more image sensor integrated circuits, where at least one image sensor integrated circuit has all

of the other claim elements; and (2) the claim can be infringed by a product that has one image sensor integrated circuit that has all of the claim elements and additional features;

WHEREAS, Defendant nevertheless contends that the construction proposed by the R&R means that the claim can be infringed by a product that does not contain at least one integrated circuit that has all of the claim elements;

WHEREAS, the Court disagrees with Defendant as a legal matter, because a claim limitation in the form of "an X comprising Y and Z" requires at least one X that has both Y and Z, see, e.g., *Salazar v. AT&T Mobility LLC*, 64 F.4th 1311, 1317 (Fed. Cir. 2023) ("For a dog owner to have 'a dog that rolls over and fetches sticks,' it does not suffice that he have two dogs, each able to perform just one of the tasks." (quoting *In re Varma*, 816 F.3d 1352, 1363 (Fed. Cir. 2016)));

NOW, THEREFORE, the R&R is ADOPTED-IN-PART and CLARIFIED-IN-PART. The preamble is limiting. The claims require "an image sensor integrated circuit" that has all of the claim elements on the same integrated circuit.

The parties shall meet and confer and submit a proposed Claim Construction Order consistent with this Order on or before April 3, 2026.

_____
The Honorable Jennifer L. Hall
UNITED STATES DISTRICT JUDGE